■ MODU CRAFT, INC., Respondent, v VICTOR LIBERATORE et al., Appellants. — Order unanimously modified and, as modified, affirmed, with costs to respondent, in accordance with the following memorandum: Plaintiff sued for the purchase price of goods sold to defendants and for the amount of the sales tax computed on the purchase price. Defendants counterclaimed for damages sustained by reason of claimed defects in some of the goods sold. Plaintiff, conceding there was a question of fact concerning the merits of defendants' counterclaim, moved for partial summary judgment. We hold that Special Term acted properly in granting plaintiff's motion for partial summary judgment for the difference between the amount of the purchase price, plus the sales tax, as set forth in the complaint, and the full amount of defendants' counterclaim for damages. On this appeal, defendants make two arguments, both of which are without merit. First, they contend that plaintiff was not

entitled to recover the amount of the sales tax, since it was included in the purchase price. Unless the tax is separately stated, the entire amount charged the buyer is deemed the sales price of the property sold for the purpose of computing the tax due (20 NYCRR 532.1 [b] [3]). Here, the tax was not separately stated in the document of sale. Moreover, defendants have submitted no proof that there was any understanding that the sales tax would be included in the purchase price of the goods. Second, defendants contend that the amount of the sales tax cannot be computed at this time since the amount of the tax may be affected by the amount of damages subsequently awarded to defendants on their counterclaim. Regardless of any subsequent award for damages, the full amount of the sales tax, based on the purchase price, was due and owing at the time of the delivery of the goods. The time or method of payment for the goods is immaterial, since the tax is a "transaction" tax and the tax becomes due at the time of the transfer of the property (20 NYCRR 525.2 [a] [2]). On their counterclaim, defendants are not entitled to damages which exceed the benefits that would have accrued to them had the contract of sale been fully and satisfactorily performed (*Barnes v Brown*, 130 NY 372, 381; see *Baker v Drake*, 53 NY 211, 217). If they succeed on their counterclaim for damages and deduct the amount of the damages from the total of the sales price plus the tax, they will be placed in the same position as though no breach of contract had occurred. By a separate counterclaim, defendants sought a declaratory judgment concerning the validity of a certain oral agreement allegedly made between the parties. Special Term dismissed this counterclaim, apparently concluding that the agreement was unenforceable since it was not in writing as required by section 2-201 of the Uniform Commercial Code. We concur in that conclusion, but the order should be modified to declare that the oral agreement set forth in the third counterclaim is unenforceable. (Appeal from order of Supreme Court, Erie County, McGowan, J. — partial summary judgment.) Present — Dillon, P. J., Simons, Doerr, Boomer and Schnepp, JJ.