■ COLLINS TUTTLE & COMPANY, INC., Appellant, v PETER AUSNIT, Respondent. — Order entered June 3, 1982 in Supreme Court, New York County (Greenfield, J.) denying plaintiff's motion for summary judgment and granting defendant's cross motion for summary judgment, modified, on the law, to the extent of denying summary judgment to defendant, and the order is otherwise affirmed, without costs. Defendant is the principal of certain corporate owners of a block of real property located in midtown Manhattan. On March 11, 1980 defendant engaged plaintiff as broker for said properties, with the specific provision in their written agreement that plaintiff's "commission shall not be earned upon execution of a contract of sale [but shall be] earned and payable when the purchaser takes title to the property and be paid out of the proceeds of such sale." The brokerage agreement further provided that all items and provisions of any contract entered into for the sale of the property, including, without limitation, the price, had to be acceptable to defendant. Not long thereafter plaintiff located a party interested in buying the property. This prospective purchaser and defendant entered into a preliminary, written agreement setting out the essential terms of the sale, including purchase price. But for reasons not sufficiently clear from a reading of the record, the sale did not go through: defendant backed out. Plaintiff now wants his brokerage commission, contending that since he procured a buyer who was ready, willing and able to perform all of the terms defendant required, defendant cannot, by his own bad-faith actions, avoid his liability to plaintiff under the agreement. Special Term refused to find such an estoppel, holding in essence that the brokerage agreement should be strictly construed. In large part that court relied upon its recent ruling, in an action by the would-be purchaser against this defendant, that no contract for sale had been made when those two entered

into their initial agreement. With this in mind, Special Term concluded: "In view of the fact that there was no contract to sell, defendant's conduct in refusing to sell can hardly constitute misconduct. Since there was no contract, no sale and no passing of title plaintiff did not earn a commission under the terms of the agreement." For several reasons, we come to a different conclusion. The prior dismissal of the buyer's action against defendant is not conclusive because (a) plaintiff was not a party to that action, (b) it is not clear whether the dismissal was because the parties agreed that binding legal obligations should await a more formal contract or because there had not been a complete meeting of the minds, and (c) even if the latter, it is not clear whether the items not agreed upon were such that defendant's failure to agree would be a breach of its obligation of good faith to the broker. In general, the rule is that "[i]f a promisor himself is the cause of the failure of performance of a condition upon which his own liability depends, he cannot take advantage of the failure." (*Amies v Wesnofske,* 255 NY 156, 162; accord *Levy v Lacey,* 22 NY2d 271, 276.) Even when there are additional terms to be agreed upon, "a defendant who is sued for a commission cannot be heard to complain where it was her own act which prevented the natural progress of the transaction * * * That this deal might have foundered on a genuine disagreement between the parties, in which case there would have been no liability, does not alter the consequences when the seller's actions prevented any possibility of finalizing an agreement." (*Trylon Realty Corp. v Di Martini,* 40 AD2d 1029, 1030, affd 34 NY2d 899.) As noted, we find a genuine issue of fact presented as to the bad faith (if any) or any other reason why defendant did not consummate the sale. Accordingly, we modify the order appealed from so as to deny summary judgment to both parties. Concur — Carro, Silverman, Fein and Kassal, JJ. Kupferman, J. P., dissents on the opinion of Greenfield, J., at Special Term.