■ AGENCY, BROAD AND CORNELIA STREET, INC., Doing Business as AGENCY REALTORS, Respondent, v RICHARD LAVIGNE et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Harvey, J.), entered May 19, 1983 in Clinton County, which granted plaintiff's motion for summary judgment in lieu of a complaint. In this action on a promissory note, plaintiff moved for summary judgment in lieu of a complaint. The note was given to plaintiff, a licensed real estate broker, by defendants in payment of a commission earned by plaintiff for its part in arranging the sale to third parties of certain real property owned by defendants. In opposition to plaintiff's motion, defendants have asserted as affirmative defenses lack of consideration for the note, fraud, negligence and mutual mistake. Special Term concluded that since defendants had failed to submit evidentiary proof showing the existence of questions of fact related to the defenses, plaintiff was entitled to summary judgment. We affirm. The defenses are all predicated on the theory that plaintiff did not produce ready, willing and able buyers and that plaintiff was aware of the buyers' inability to meet their obligations under the sales contract and their intention to default. Defendants seek to support this theory by pointing out that the buyers defaulted shortly after the closing and by alleging that one of the buyers had a reputation for defaulting on his business obligations. In the absence of an agreement to the contrary, a real estate broker is deemed to have earned his commission when he produces a buyer who is ready, willing and able to purchase at the terms set by the seller (*Lane — Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 42). Here, plaintiff produced buyers who, after negotiating with defendants, entered into a contract for the sale of the real property. Failure of the contract attributable to a purchaser's default is not attributable to the broker (*Willard v Mercer,* 83 AD2d 656, 657, affd 58 NY2d 840). As explained by Justice Leon D. Lazer while sitting at Trial Term (*Door Knob Realty v Northrop,* 86 Misc 2d 675, 677): "Where the vendor 'accepts' the purchaser by entering into a contract of sale with him * * * the broker is ordinarily relieved of the necessity of showing that the purchaser was ready, willing and able to perform * * * The seller will be presumed to have satisfied himself with respect to the purchaser's financial ability before entering into the contract". In any event, the mere fact that the buyers herein defaulted on their obligations shortly after the closing does not raise a question of fact as to their ability to meet defendants' terms when they entered into the contract.

Defendants have submitted no direct proof on this issue, nor have they submitted any proof in evidentiary form to support their claim that plaintiff knew or should have known of the buyers' inability to perform and of their intention to default. Accordingly, we agree with Special Term's conclusion that defendants' conclusory allegations are insufficient to defeat plaintiff's motion for summary judgment. Order affirmed, with costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.