■ RICHARD A. SHULMAN, Doing Business as VILLAGE REAL ESTATE OF TOMP-KINS COUNTY, Respondent, v WILLIAM C. LIN et al., Appellants. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered November 4, 1982 in Tompkins County, upon a decision of the court at Trial Term (Ellison, J.), without a jury. In June, 1980, defendants executed a uniform multiple listing contract for the sale of their house in the Town of Ithaca, Tompkins County. Pursuant to the contract, a brokerage fee of 6% of the purchase price was to be payable to the realtor who found a buyer for the house willing to accept the terms of sale contained in the contract before August 31, 1980. Plaintiff realtor found a prospective purchaser for the house in the person of Gene R. Gresko (the buyer) on August 15, 1980. Defendants accepted an "Offer to Purchase by Land Contract" from Gresko, with all three parties signing the agreement. Pursuant to the terms thereof, the purchase price was $65,900, with a $6,500 deposit to be held by plaintiff, $27,400 payable on signing the purchase and sale agreement at the closing, and the balance of $32,000 to be paid in monthly installments over the subsequent three years. Other pertinent terms of the agreement included that the buyer would forfeit his deposit if the agreement of sale was not completed by August 27, 1980 and that the sellers agreed to convey the property "on the terms and conditions as set forth herein". Included in such terms was an agreement by the sellers to "furnish a survey at [their] expense if reasonably required by the attorney for the Buyer". On August 27, 1980, the parties met for the closing. Trouble arose before the proposed land contract prepared by the buyer's attorney could be signed. Among the items in dispute, defendants refused the buyer's request to provide him with a survey at their expense, as agreed in the previously executed purchase offer. As a result, the sale was never consummated. Defendants later sold the property to someone else. In December, 1980, plaintiff initiated this action to recover his brokerage commission. Defendants filed a counterclaim for the $6,500 deposit. A nonjury trial was held, after which the trial court found that the buyer had been ready, willing and able to purchase the property in question, but that the sale was aborted by defendants' unreasonable refusal to provide the buyer with a survey. The trial court awarded plaintiff recovery of his commission, plus interest and costs, and dismissed defendants' counter-claim. On this appeal, defendants argue that plaintiff is not entitled to the commission because he did not procure a buyer who was ready, willing and able to purchase the property. They cite the fact that the proposed land contract presented at the closing was never executed by the buyer and they allege that the buyer had several objections to the terms of the sale, including questions about repairs needed on a dishwasher, the lease of an existing tenant on the property, and mortgage terms, in addition to the survey requirement, which prevented the buyer from assuming the status of being ready, willing and able to close. We cannot agree. Testimony was adduced at the trial from both of the attorneys present at the closing to substantiate the fact that the only issue over which no agreement was reached was the survey requirement. All other questions had been discussed by the parties and resolved. This testimony was substantiated by that of defendant William Lin himself, who stated that after the aborted closing, he went to his attorney's office and

"begged" him to phone the buyer's attorney to assure him that the survey would, in fact, be provided so that the sale could proceed. Given this evidence, it seems clear that plaintiff had found a buyer who was ready to close under the terms originally agreed upon and that it was defendants' refusal to abide by the terms of the purchase offer which aborted the closing. It has long and repeatedly been held that, in the absence of an agreement to the contrary, a broker's commission is deemed to have been earned when "he produces a buyer who is ready, willing and able to purchase at the terms set by the seller" (*Lane — Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 42; *Agency, Broad & Cornelia St. v Lavigne,* 97 AD2d 934). Failure of the sale attributable to the defendant seller's own act will not deprive the broker of his commission (*Tuttle & Co. v Ausnit,* 95 AD2d 668, 669, app dsmd 60 NY2d 644; cf. *Agency, Broad & Cornelia St. v Lavigne, supra* [the broker's commission would not be forfeited due to the *buyer's* failure ultimately to perform under the contract of sale]). Accordingly, there is more than sufficient evidence in the record to support the trial court's finding that the buyer was ready to close and that the failure to consummate the sale was caused by defendants' unreasonable refusal to provide a survey. Since the trial court's findings are neither against the weight of the credible evidence nor contrary to law, they must be affirmed (see *Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052, 1053). In so holding, we affirm the trial court's denial of defendants' counterclaim for the buyer's deposit. Pursuant to the terms of the signed purchase offer, the buyer was to forfeit his deposit only if he failed to complete the transaction. Since it was defendants who failed to complete the transaction, the buyer did not forfeit his deposit. Judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Weiss and Levine, JJ., concur.