■ In the Matter of the Conservatorship of CHARLES E. GUSTINA.—Order unanimously reversed on the law with costs, and petition granted, in accordance with the following memorandum: We conclude that the court abused its discretion by refusing to allow petitioner, purportedly the settlor and trustee of two bank-account trusts, permission to withdraw the funds in both accounts. The court also abused its discretion by accepting and considering respondent's opposing papers that were submitted some 21 days after the return date of the motion. The record does not reveal that respondent made any application for an extension of time to respond or that there was any excuse for respondent's delay and default in opposing the motion *(see,* CPLR 2214 [c]; *Dominski v Firestone Tire & Rubber Co.,* 92 AD2d 704; *Wallin v Wallin,* 34 AD2d 870).

Accordingly, we grant the motion to withdraw all principal and accrued interest from both bank accounts as well as petitioner's request that respondent account for petitioner's moneys and property acquired and managed by her prior to June 26, 1985, while serving in a fiduciary capacity. Such an accounting shall proceed before a different Justice. (Appeal from order of Supreme Court, Onondaga County, Tenney, J.—invade trust.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.