AVRAHAM SHARABY et al., Infants, by Their Mother and Natural Guardian, MALKA SHARABY, Respondents, v LENA GAMEL, Appellant, et al., Defendant.

The defendant Lena Gamel is the owner of a six-apartment multiple dwelling in which her son, the defendant Michael Sharaby, is a tenant occupying two apartments, and, also, is the superintendent of the building. The lease between the defendants Gamel and Sharaby provides, in part, as follows:

"Repair and Maintenance

"114. The Landlord at his *[sic]* own cost and expense shall make all repairs to the premises and repair or replace heating equipment, cooking range, refrigerator and all other equipment provided therewith, and shall maintain the building wherein the demised premises are located, and each and every part thereof * * *

"Right of Entry

"Landlord or Landlord's agents shall also be permitted at any time during the term to visit to examine them * * * and workmen may enter at any reasonable time when authorized by Landlord or Landlord's agents to make or facilitate repairs in any part of the building; and if Tenant shall not be personally present to open or permit an entry into said premises, at any time, when for any reason an entry therein shall be in the judgment of the Landlord or Landlord's agents necessary or permissible hereunder, for the protection of the building or property therein, or to view the premises, or to make such repairs, *Landlord or Landlord's agents may forcibly enter the same"* (emphasis supplied).

In September 1982 the defendant Sharaby was engaged in remodeling the two apartments. During the course of the

renovation, the defendant Sharaby moved an unsecured dishwasher to the middle of the kitchen. He subsequently placed a coffee urn filled with hot water on top of the dishwasher. His infant sons (the infant plaintiffs herein) came in contact with the disconnected dishwasher, causing the urn to tip over, scalding the children with the hot water.

The defendant Gamel moved for summary judgment contending *inter alia,* that she is not liable for the negligence of the defendant Sharaby, who was an independent contractor in the performance of the renovation. The Supreme Court denied her motion on the ground that triable issues exist. We agree.

The record reveals triable issues of fact as to whether the defendant Sharaby was acting as an employee, agent or independent contractor when supervising the alteration to the apartments. In this regard we note that there is evidence in the record that the defendant Gamel paid for all of the labor and materials involved in the renovation.

The lease itself imposed a duty to repair upon the defendant Gamel and also gave her the right to reenter the subject apartments. Therefore, even as a landlord out of possession, under the terms of the lease and under Multiple Dwelling Law § 78, there is a sufficient basis to preclude summary judgment being granted to the defendant Gamel *(see, Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559; *Worth Distribs. v Latham,* 59 NY2d 231; *Tkach v Montefiore Hosp.,* 289 NY 387). As we stated in *Pellegrino v Walker Theatre* (127 AD2d 574, 575): "Where an owner out of possession reserves a right under the terms of a net lease to enter upon the premises for purposes of inspecting the same and making certain repairs thereon, the reservation may be deemed to constitute a sufficient retention of control and to have provided the owner with constructive notice of the defective condition so as to subject the owner to liability."

Moreover, in this case, there is evidence that the defendant Gamel visited the subject apartment 6 or 7 times during the time the renovation work was underway and was aware of the condition of the apartment.

Accordingly, the Supreme Court properly denied the defendant Gamel's motion for summary judgment. Brown, J. P., Weinstein, Spatt and Balletta, JJ., concur.