■ SARA RIVERS, Appellant, v BUTTERHILL REALTY et al., Respondents.—Kane, J. Appeal from an order of the Supreme Court (Ford, J.), entered May 16, 1988 in Saratoga County, which, *inter alia,* denied plaintiff's motion for summary judgment against certain defendants.

Plaintiff worked as a real estate sales agent and office and sales manager for defendant Butterhill Realty. She believed that Butterhill was a partnership comprised of defendants James M. Gnall and Gerritt Lydecker. According to plaintiff, the parties agreed, in writing, that she would receive one half of the gross commission for her own sales and, orally, that she would get an additional $400 as an override commission on other agents' new home sales. Claiming that she had not received all the commissions to which she was entitled, plaintiff commenced this action against Butterhill, Gnall and Lydecker. In addition to seeking commission fees, she sought management fees, statutory costs, liquidated damages and counsel fees for withheld commissions, along with actual and punitive damages for intentional tort. Butterhill and Gnall (hereinafter collectively referred to as defendants) together submitted an answer, while Lydecker answered separately. Lydecker's answer asserted that Butterhill was actually an administrative division of Semper Funding of Orange County, Inc. (hereinafter Semper). For their part, defendants, in their answer, asserted a counterclaim alleging that plaintiff acted beyond the scope of her authority and with malfeasance on her job. Defendants sought $30,000 in damages on the counterclaim.

Plaintiff served interrogatories addressed only to Butterhill. After receiving no response, plaintiff moved for summary judgment seeking, *inter alia,* dismissal of the counterclaim, summary judgment on the main claim and leave to add Semper as an additional party defendant. Although defendants submitted papers in opposition, they were not timely served. Supreme Court refused to consider defendants' oppos-

ing papers. Nevertheless, the court denied plaintiff's motion in its entirety except for that aspect seeking the addition of Semper. Plaintiff has appealed.[1]

As an initial matter, we deal with defendants' argument that Supreme Court erred in failing to consider their opposing papers. Defendants' answering papers were clearly not timely served under CPLR 2214 (b). Supreme Court determined that the excuse offered, i.e., law office failure, was insufficient. Defendants never applied for an extension and the record supports the court's finding of a lack of sufficient excuse *(see, e.g., Matter of Gustina,* 135 AD2d 1124, *appeal dismissed* 72 NY2d 840). Furthermore, it was within the court's discretion to decide whether to accept the late papers *(see,* CPLR 2214 [c]; *Foitl v G.A.F. Corp.,* 64 NY2d 911, 913); in their brief on this appeal, defendants concede there was no abuse of discretion. Therefore, the court properly refused to consider defendants' papers.

Turning to the merits, although Supreme Court excluded defendants' answering papers from consideration, plaintiff was still required on her own to demonstrate her right to summary judgment *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 852-853; *Cugini v System Lbr. Co.,* 111 AD2d 114, 115, *appeal dismissed* 65 NY2d 1053). In our view, plaintiff failed to establish her right to recovery with sufficient evidence to warrant directing judgment as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). In reaching this conclusion, we address each of plaintiff's contentions separately.

We reject plaintiff's claim that she was entitled to summary judgment dismissing defendants' counterclaim for their failure to answer plaintiff's interrogatories. As Supreme Court noted, there was uncertainty as to Butterhill's status due to the assertion that it was actually a division of Semper. The interrogatories were addressed only to Butterhill. There was therefore a question of fact as to whether Butterhill was an entity capable of responding and as such it would have been improper to strike the counterclaim on the basis of defendants' failure to answer the interrogatories.

Plaintiff also argues that the counterclaim was insufficient as a matter of law because an employer has no action against an employee for, *inter alia,* inadequate job performance. It is true that under Labor Law § 193, employers are specifically

---

1. Lydecker submitted papers in response to plaintiff's motion for summary judgment, but is not participating on this appeal.

proscribed from deducting an employee's wages *(see, e.g., Guepet v International TAO Sys.,* 110 Misc 2d 940, 941). However, in this case, the question of whether plaintiff was an employee or an independent contractor has not been determined and is a question of fact for trial *(see, Matter of Rivera [State Line Delivery Serv.—Roberts],* 69 NY2d 679, 682, *cert denied* 481 US 1049). Real Property Law § 440 was amended to delete all words and phrases that refer to real estate salespersons as employees of brokers *(see,* L 1980, ch 226). Real Property Law § 440 (4) [now (5)] specifically states that "[n]othing in this article shall be * * * determinative of the legal relationship of a salesperson to a broker". Furthermore, although Labor Law § 190 (6) defines a "commission salesman" as an "employee", it specifically excludes any employee with primarily supervisory or managerial functions. Plaintiff described herself as an office and sales manager, as well as a salesperson; she therefore may be excluded from Labor Law coverage even if she was an employee *(see, Conticommodity Servs. v Haltmier,* 67 AD2d 480, 482). Plaintiff next argues that since the contract designated her as an agent, she is therefore an employee. However, the contract's validity has yet to be established. Additionally, designation as an agent is not alone determinative of employee status *(see, Sharaby v Gamel,* 140 AD2d 319).

Plaintiff also argues that she was entitled to summary judgment on her main claim. She claims the written contract gave her the right to commissions and the oral agreement gave her the right to overrides. Again, the validity of neither has yet been shown. Further, as to the written agreement, even if it is valid and even if plaintiff is entitled to commissions if she produced ready, willing and able purchasers according to the terms of the offers *(see, Shulman v Lin,* 99 AD2d 856, 857, *appeal dismissed* 63 NY2d 603), the record is devoid of anything other than plaintiff's own allegations that she earned commissions. Although she submitted deeds, there were no contracts of sale or other evidence to link the deeds to plaintiff.[2]

We also reject plaintiff's claim that she was entitled to counsel fees and damages equal to 25% of the withheld wages *(see,* Labor Law § 198 [1-a]). As we have noted, a question of fact exists as to whether she was an employee. Additionally,

---

2. Plaintiff also asserts a statutory claim based on Labor Law § 193 to support her argument that she was entitled to the commissions and overrides. However, as noted, her status as an employee has not been determined.

although plaintiff argues to the contrary, in our view Semper was a necessary party. Plaintiff asked Supreme Court only for permission to add Semper in her discretion. If Butterhill is determined to be a division of Semper, and Butterhill is found liable, Semper may be inequitably affected by the judgment *(see,* CPLR 1001 [a]).

We have reviewed plaintiff's remaining arguments and find then lacking in merit. Therefore, Supreme Court's decision was in all respects proper and its order should be affirmed.

Order affirmed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Harvey and Mercure, JJ., concur.