(February 21, 1989)

■ COLUMBIA ASSET MANAGEMENT CORP., Respondent, v EMERSON EQUITIES et al., Appellants.—Order of the Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered January 28, 1988, which denied defendants' motion for summary judgment, unanimously reversed, on the law, the motion granted and the complaint dismissed, with costs.

Plaintiff Columbia Asset Management Corporation is a securities broker licensed to perform in such capacity in New York, Pennsylvania, Florida and New Jersey. Defendant Emerson Equities is a real estate investment joint venture consisting of defendants Emerson Radio Corporation, James F. Moscowitz and David Smith. In 1986 the parties entered into an agreement designating the plaintiff to act as a soliciting broker-dealer for real estate syndications created by Emerson Equities. As is here relevant, the agreement stated, "Emerson has agreed to pay Columbia a ten percent (10%) commission

and a two percent (2%) due diligence fee on the units which are placed in our syndications." The present dispute concerns plaintiff's entitlement to a commission and fees in connection with defendant's sale of its interest in a Florida shopping mall known as the Mizner Project.

It is not disputed that in October 1986 defendant approached the plaintiff to find investors in the Mizner Project. At that time, however, the contemplated offering had not yet been put in final form and did not comply with applicable Blue Sky laws in New York and Pennsylvania. Although the parties were aware of this deficiency, materials describing the offering were issued by defendant to plaintiff's salesmen who used the materials to interest potential investors. Having located 16 interested investors by mid-October, plaintiff urged defendant expeditiously to take the steps necessary to comply with the applicable Blue Sky laws and to finalize the offering. Shortly thereafter, defendant abandoned its syndication plans and sold its entire interest in the Mizner Project to a single investor located without plaintiff's assistance. Plaintiff now seeks to be compensated, alleging defendant's breach of the aforementioned brokerage agreement, or, failing that, an entitlement to recover on a quantum meruit basis.

It is clear that plaintiff did not, and indeed could not place any units in the Mizner Project with investors since the defendant's interest in the project was never syndicated. We agree with the motion court, however, that this circumstance does not entitle defendants to summary judgment. Defendants were obliged to act in good faith. The record, however, raises serious questions as to defendants' motives for failing to take those steps necessary to the consummation of the syndication plan they had initiated and for which plaintiff at their behest sought investors. (See, Collins Tuttle & Co. v Ausnit, 95 AD2d 668, mot to dismiss appeal granted 60 NY2d 644; Lane—Real Estate Dept. Store v Lawlet Corp., 28 NY2d 36.)

We are, nevertheless, persuaded that the complaint should be dismissed in light of the additional circumstance that the participation of investors in the Mizner Project was solicited by plaintiff at a time when the applicable securities laws had not been complied with. We do not think it consistent with the securities laws and the important policy objectives those laws promote that a broker should derive any benefit from the premature solicitation of investors. As a licensed broker-dealer it was plaintiff's obligation to abide by the laws barring premature solicitation (see, e.g., General Business Law § 352-e). Its failure to do so in the circumstances here obtaining is fatal

to its attempt to have the brokerage agreement enforced or to recover on a quantum meruit theory. *(See, Billings Assocs. v Bashaw,* 27 AD2d 124.) Concur—Murphy, P. J., Sullivan, Ross, Kassal and Ellerin, JJ.