■ FLORINE JOHNSON et al., Respondents, v GOLUB CORPORATION, Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (McDermott, J.), entered September 30, 1988 in Albany County, which denied defendant's motion to dismiss the complaint.

On June 4, 1986, by service of a summons with notice, plaintiffs commenced this action based upon a fall plaintiff Florine Johnson allegedly suffered while on defendant's property on June 7, 1983. Defendant immediately served a notice of appearance and demand for complaint, but no complaint was forthcoming. Two years later, defendant moved to dismiss the action pursuant to CPLR 3012 (b); the motion, received by plaintiffs' then attorney on or about June 8, 1988, was made returnable on July 25, 1988. Plaintiffs' affidavit in opposition, dated August 9, 1988, with proposed complaint attached, was received by defendant's counsel on or about August 15. Su-

preme Court denied the motion and granted plaintiffs leave to serve their complaint, prompting defendant to appeal. We reverse.

Defendant's motion should have been granted by default since plaintiffs failed to serve their papers in opposition two days prior to the return date (CPLR 2214 [b], [c]) and there is no reference in the record to the motion having been adjourned (see, Matter of Gustina, 135 AD2d 1124, lv dismissed 72 NY2d 840).

Even if an extension had been granted, defendant was entitled to dismissal for plaintiffs failed to submit an affidavit of merit (see, Kel Mgt. Corp. v Rogers & Wells, 64 NY2d 904, 905) or a verified complaint in lieu thereof (CPLR 105 [t]). Moreover, while plaintiffs' proffered excuse—that because the associate assigned to their case left their prior attorney's office the demand for the complaint languished in their file unanswered—might suffice to excuse failure to meet the 20-day deadline in CPLR 3012 (b), it does not excuse two years of neglect in producing the complaint (see, De Vito v Marine Midland Bank, 100 AD2d 530, 531).

Order reversed, on the law, without costs, motion granted and complaint dismissed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.