■ EUDEMIO GUILLEN, Respondent, v 652 BROADWAY CORP. et al., Appellants. (And a Third-Party Action.)—In an action to recover damages for personal injuries, the defendants separately appeal from an order of the Supreme Court, Kings County (Krausman, J.), dated July 5, 1989, which, on condition that the plaintiff's attorney pay $500 to each of the appellants' attorneys within 20 days, granted the plaintiff's motion to vacate a prior order of the same court, dated April 28, 1989, granting the defendants' separate motions to dismiss the complaint upon his default in responding to those motions.

Ordered that the appeal by L & R Administration Services, Inc., is dismissed, and it is further,

Ordered that the order is affirmed insofar as appealed from by 652 Broadway Corp., and it is further,

Ordered that the plaintiff is awarded one bill of costs, payable by the appellants.

The Supreme Court did not improvidently exercise its discretion by granting the plaintiff's motion to vacate a prior order dated April 28, 1989, which had dismissed the complaint against the appellant 652 Broadway Corp., on condition that the plaintiff's counsel pay appellant's counsel the sum of $500 *(see,* CPLR 5015 [a]; *see, e.g., Stark v Marine Power & Light Co.,* 99 AD2d 753; *N & J Foods v Shopwell Plaza Corp.,* 63 AD2d 899, 900).

The appeal by L & R Administration Services, Inc. is dismissed because its counsel's conduct in depositing in his bank account the $500 check from the plaintiff's counsel,

without restriction, constituted a waiver of the right to appeal from the conditional order *(see, Chirkis v Hutton & Co.,* 155 AD2d 411; *Campion v Alert Coach Lines,* 137 AD2d 647; *Carmichael v General Elec. Co.,* 102 AD2d 838, 839-840). The mere retention of the $500 check by counsel for 652 Broadway Corp., without depositing it for collection, does not bar the appeal by 652 Broadway Corp. *(see, Carmichael v General Elec. Co., supra,* at 839). Lawrence, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.