■ SHEILA C. WHITEFORD, Respondent, v HELEN C. SMITH et al., Appellants.—Kane, J. P. Appeal from an order of the Supreme Court (Harris, J.), entered June 8, 1990 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover for injuries sustained in a November 1986 automobile accident on State Route 145 in the Town of Cairo, Greene County. The complaint contains allegations that plaintiff's injuries are permanent and rendered her "unable to pursue her normal and regular customary activities for at least ninety (90) days out of the succeeding one hundred eighty (180) days from [the accident]". After issue was joined, defendants moved for summary judgment on the ground that plaintiff failed to meet the threshold statutory requirement of demonstrating serious injury pursuant to Insurance Law § 5102 (d). Supreme Court denied the motion and this appeal followed.

We affirm. As a preliminary matter, we reject defendants' argument that summary judgment by order of no opposition should have been granted because of the unexplained late service of plaintiff's opposition papers. "There is ample authority under CPLR 2214 (c) to overlook late service of a notice or paper if the court determines that no prejudice will ensue" (2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2214.03-a). Here, defendants do not claim that they were prejudiced by any late service of papers and, unlike Matter of Gustina (135 AD2d 1124, lv dismissed 72 NY2d 840), the record indicates that plaintiff sought and was granted an extension to respond to defendants' motion (cf., Johnson v Golub Corp., 152 AD2d 803, 804). Accordingly, we find no abuse of the court's discretion in accepting the late papers (see, Rivers v Butterhill Realty, 145 AD2d 709, 710).

We must also reject defendants' contention that, as a matter of law, plaintiff's injuries do not constitute serious injuries pursuant to Insurance Law § 5102 (d). Defendants' argument is based on assertions that the physicians' affidavits submitted by plaintiff in opposition contain "language designed specifically by plaintiff's attorney to mimic the statutory definition of serious injury". That language, defendants contend, is purely conclusory and does not coincide with the physicians' contemporaneous office records that defendants submitted in support of their motion for summary judgment. In our view,

the opinions expressed in the physicians' affidavits are sufficiently based on their examination and treatment of plaintiff after the accident to create triable issues of fact as to the seriousness of plaintiff's injuries. Defendants' concerns raise questions of affiant credibility that are not properly resolved on a motion for summary judgment (see, *Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439, 441; *Vasilatos v Chatterton*, 135 AD2d 1073, 1074; *King v Clark*, 120 AD2d 880, 881). Accordingly, Supreme Court properly denied the motion for summary judgment.

Order affirmed, with costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.