■ JOHN P. GLASZ, Appellant, v LINDA L. GLASZ, Respondent.—Crew III, J. Appeal from an order of the Supreme Court (Lynch, J.), entered August 21, 1990 in Schenectady County, which, *inter alia,* denied plaintiff's motion for summary judgment.

On April 4, 1990 plaintiff moved to strike defendant's an-

---

swer and for summary judgment for a conversion divorce based upon a separation agreement executed on December 9, 1988. The notice of motion provided that answering affidavits were required to be served seven days prior to the return date which was stated to be April 26, 1990 (CPLR 2214 [b]). Three days prior to the return date, defendant's attorney communicated with the chambers of the assigned Justice to request an extension of time to file answering papers and was advised to contact his adversary for the latter's consent to such extension and, failing such consent, to notify Supreme Court by letter of the adjournment request. Defendant's attorney contacted the attorney for plaintiff, was denied the extension request and wrote to the court requesting an adjournment and assigning his reasons therefor.

Thereafter, on May 18, 1990, defendant cross-moved for leave to serve an amended answer and counterclaim to which she annexed a detailed affidavit in support of her motion and in opposition to plaintiff's motion. Plaintiff's attorney rejected the cross motion as untimely and submitted an affidavit in which he requested Supreme Court to reject defendant's cross motion as untimely. The court, without more, rendered a decision in which it designated the return date of the motion and cross motion as May 31, 1990, granted defendant's motion to amend her answer, denied plaintiff's motion for summary judgment and awarded costs to plaintiff pursuant to CPLR 3025 (b). On this appeal plaintiff urges that Supreme Court erred, as a matter of law, in permitting defendant's late filing of her cross motion and affidavit and further that it erred in not advising counsel on its ruling regarding the request for adjournment, since plaintiff was thereby foreclosed from addressing the cross motion on its merits. We reject both of these arguments.

The law is well settled that leave to amend should be freely granted unless it will result in prejudice (*Lermit Plastics Co. v Lauman & Co.*, 40 AD2d 680). Likewise, we have held that there is ample authority under CPLR 2214 (c) to overlook late service of a notice or paper if the court determines that no prejudice will ensue (*Whiteford v Smith*, 168 AD2d 885). With regard to the merits of the cross motion as well as the late filing, therefore, it was incumbent upon plaintiff to establish prejudice. Having failed to do so, Supreme Court was within its authority in accepting the late filing, determining the motion and cross motion and awarding costs to plaintiff as a result thereof. Finally, contrary to defendant's contention, plaintiff's acceptance of these costs, which were not condition-

ally imposed, does not effect a waiver of plaintiff's right to appeal *(cf., Guillen v 652 Broadway Corp.,* 168 AD2d 486).

Order affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.