■ THE PEOPLE OF THE STATE OF ILLINOIS ex rel. JOHN E. WASHBURN, Respondent, v FRANK B. HALL & CO., INC., et al., Appellants.—In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered August 22, 1989, as granted that branch of the plaintiff's motion which was to vacate a prior order dismissing the plaintiff's first cause of action, denied their cross motion to dismiss the cause of action for an accounting, and denied the cross motion of the defendant Frank B. Hall & Co., Inc., to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Assuming the truth of the allegations contained in the complaint, as this court must on a motion to dismiss pursuant to CPLR 3211 *(see, Sanders v Winship,* 57 NY2d 391), we find that it adequately states a cause of action against the defendant Frank B. Hall & Co., Inc. (hereinafter Hall), to pierce its corporate veil *(see, Pebble Cove Homeowners' Assn. v Fidelity N. Y.,* 153 AD2d 843, 843-844; *Marino v Dwyer-Berry Constr.*

*Corp.,* 146 AD2d 750; *Key Intl. Mfg. v Morse/Diesel, Inc.,* 142 AD2d 448, 453-454). The allegations contained in the complaint are not merely conclusory. Rather, they refer to certain activities by Hall which, if true, might lead to a piercing of its corporate veil. Accordingly, it would be premature to dismiss the complaint as against Hall at this early stage of the litigation.

We further find that the court providently exercised its discretion when it opened up the plaintiff's default on a motion to dismiss the first cause of action *(see,* CPLR 5015 [a] [1]; *Guillen v 652 Broadway Corp.,* 168 AD2d 486; *P & K Marble v Pearce,* 168 AD2d 439).

We have considered the defendants' remaining contention and find it to be without merit *(cf., Kensington Publ. Corp. v Kable News Co.,* 100 AD2d 802). Bracken, J. P., Eiber, Balletta and Ritter, JJ., concur.