■ PALLETTE STONE CORPORATION, Respondent, v GUYER BUILDERS, INC., Appellant. [599 NYS2d 644] —Harvey, J. Appeal from an order of the Supreme Court (Brown, J.), entered May 12, 1992 in Saratoga County, which, inter alia, partially granted plaintiff's cross motion for summary judgment on the issue of liability.

In March 1986 plaintiff, a seller of concrete and concrete products, gave defendant a written quote describing the prices and terms pursuant to which plaintiff would agree to supply defendant with concrete and concrete products. The quote provided for a rate to be charged defendant on the weight of the concrete ordered. Significantly, the quote also specifically stated that "[a] tax exemption certificate Must be filed with our office to eliminate a tax on concrete" (emphasis in original). Defendant accepted the quoted offer and, for the ensuing 3½ years, purchased concrete and concrete products from plaintiff totaling $870,236.60. It appears to be undisputed that all billings submitted by plaintiff to defendant only stated a set amount pursuant to the contract without separately stating any sales tax due. After several years of billing in this manner, plaintiff was subsequently audited by the Department of Taxation and Finance. As a result of this audit, plaintiff consented to the payment of $114,683.03 in unpaid sales tax and fines claiming that it inadvertently failed to bill some of its customers such as defendant. Plaintiff thereafter requested that defendant pay its portion of plaintiff's tax liability based on the amount of purchases that had been made by defendant.

Defendant refused and plaintiff thereafter commenced this action seeking $49,024.30 in unpaid sales tax. Following joinder of issue, the parties cross-moved for summary judgment. Supreme Court determined that defendant was responsible for the unbilled sales tax charges. The court noted, however, that because the Statute of Limitations (UCC 2-725) barred recovery of any tax amounts not billed within the four years prior to commencement of the action, plaintiff could only be granted

judgment as to any cause of action not barred by the Statute of Limitations. This appeal by defendant followed.

We affirm. Similar to the defendant in *Kosinski v Woodside Constr. Co.* (77 AD2d 674, 675), defendant principally contends that the sales tax due on the goods it purchased from plaintiff was included in the purchase price. However, even assuming that such an agreement would be valid, a review of the proof submitted by defendant on this motion reveals nothing to support this claim other than conclusory or vague assertions *(see, Modu Craft v Liberatore,* 89 AD2d 776, 777). As it stands, a seller is required under State tax laws to separately charge for any sales tax which is due (Tax Law § 1132 [a]; 20 NYCRR 532.1 [b] [1]). Significantly, when the sales tax is not separately stated on the bill, the amount stated is deemed the total sale upon which sales tax is assessed (20 NYCRR 532.1 [b] [3]). Given that there is no real dispute here that the sales tax was not separately stated, we conclude that Supreme Court did not err in granting plaintiff summary judgment for the claimed sales tax.

The remaining arguments raised by the parties, including defendant's claim that Supreme Court inappropriately considered plaintiff's summary judgment motion papers because they were untimely, have been considered and found to be unpersuasive. Assuming, arguendo, that the papers were untimely, we note that CPLR 2214 (c) provides Supreme Court with the discretion to overlook the late service of papers if no prejudice to the moving party results from the late service *(see, Glasz v Glasz,* 173 AD2d 937, 938; *Whiteford v Smith,* 168 AD2d 885). Because defendant has failed to demonstrate any credible prejudice accruing to it as a result of plaintiff's actions, we find no grounds for granting defendant any relief.

Weiss, P. J., Levine, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.