■ MacMILLAN, INC., Doing Business as MacMILLAN PUBLISHING COMPANY, Appellant, v ROGER KAHN, Respondent. [600 NYS2d 236] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about November 25, 1992, which denied plaintiff's motion for summary judgment, unanimously affirmed, with costs and disbursements.

If, as seems to be the case, defendant, at plaintiff's behest, agreed to undertake additional work on the Pete Rose book and to participate in a nationwide effort to promote the book, which included a six-month tour, and if the additional work and promotion of the Pete Rose book were incompatible with a timely delivery of the *Rescuing Roger* book and frustrated performance of that condition, plaintiff should be estopped from taking advantage of that failure. *(See, Collins Tuttle & Co. v Ausnit,* 95 AD2d 668, 669.) At the very least, a question of fact is presented as to whether plaintiff can insist on compliance with the contractual condition of delivery of the final manuscript on or before March 31, 1990, the performance of which it may well have rendered impossible.

We disagree, however, with the trial court's conclusion that defendant's work on the manuscript and its submission after May 1, 1990 is evidence of partial performance of an oral agreement to modify the written contract. These acts are not unequivocally referable to the alleged oral modification since part performance is not the only reasonable explanation therefor. *(See, Gracie Sq. Realty Corp. v Choice Realty Corp.,* 305 NY 271, 281.) Concur—Murphy, P. J., Sullivan, Carro, Kupferman and Rubin, JJ.

■ COMMISSIONERS OF THE STATE INSURANCE FUND, Respon-