■ ANTHONY DINNOCENZO, Plaintiff, v JORDACHE ENTERPRISES, INC., et al., Defendants. AMERICAN PRESIDENT LINES, LTD., Third-Party Plaintiff-Respondent, v SYMPLEX LEASING, INC., Third-Party Defendant-Appellant. [624 NYS2d 6] —Order, Supreme Court, New York County (Burton Sherman, J.), entered November 12, 1993, which denied third-party defendant's motion for summary judgment and granted third-party plaintiff's cross motion for summary judgment, unanimously affirmed, with costs.

We find no ambiguity in the indemnification provision of the contract between third-party defendant and third-party plaintiff requiring Symplex to indemnify American President Lines (APL) from liability "arising out of User's use, operation, possession or control" of the equipment leased by APL to Symplex. The Agreement, as a whole, indicates that the claim here asserted is the type of claim that the parties intended to be covered by the indemnification provision *(Parsons Co. v Combustion Equip. Assocs.,* 172 Cal App 3d 211, 218 Cal Rptr 170).

Nor do we find merit to Symplex's argument that the IAS Court abused its discretion by accepting and considering APL's opposition papers and cross motion because they were served one and two days late, respectively (CPLR 2214 [b]; 2215). Symplex has not shown that it suffered any prejudice

*(Pallette Stone Corp. v Guyer Bldrs.,* 194 AD2d 1019, 1020). Concur—Murphy, P. J., Sullivan, Kupferman, Asch and Mazzarelli, JJ.