## Vandergrand Props. Co., L.P. v Warnock

2023 NY Slip Op 34562(U)

December 20, 2023

Supreme Court, New York County

Docket Number: Index No. 150336/2020

Judge: Verna L. Saunders

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. VERNA L. SAUNDERS, JSC**          PART          **36**

*Justice*

-----------------------------------------------------------------------X

VANDERGRAND PROPERTIES CO., L.P.,
                                        Plaintiff,

          - v -

SUSAN WARNOCK and ROBERT BECKER,
                                        Defendants.

-----------------------------------------------------------------------X

INDEX NO.          150336/2020

MOTION SEQ. NO.          011

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 011) 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 304, 305, 306, 307, 308, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333

were read on this motion to/for          **CONTEMPT**          .

In this post judgment enforcement action, plaintiff, judgment creditor, moves the court by Order to Show Cause ("OSC"), pursuant to Judiciary Law §§ 750, 751, 753, and 773, seeking an order holding defendant Susan Warnock ("Warnock"), judgment debtor, in criminal contempt for failing to comply with Orders of this Court dated May 26, 2022 and June 2, 2022, and mandating that Warnock be imprisoned and/or fined according to law; ordering that she reimburse plaintiff for reasonable attorneys' fees, costs and disbursements incurred in connection with this application; pursuant to 22 NYCRR 130-1.1, awarding plaintiff costs and sanctions, in the form of reimbursement for the reasonable attorneys' fees and costs incurred in this motion and prior motion seeking the same relief which were incurred as a direct result of Warnock's sanctionable conduct; and requiring that Warnock produce documentation and appear for a deposition in accordance with the information subpoena on a specific date designated by the Court (NYSCEF Doc. No. 305, *Order To Show Cause Seeking Contempt*).

Warnock opposes the motion. However, plaintiff filed a notice rejecting Warnock's late opposition to the OSC (NYSCEF Doc. No. 333, *plaintiff's notice of rejection*).

Plaintiff argues that Warnock has already been held in civil contempt but has not purged the contempt by failing to produce documents in response to the information subpoena on or before June 2, 2022, and appear for a deposition by June 23, 2022, as stated in the court's May 26, 2022, order. Specifically, according to plaintiff, Warnock has refused to provide any of her personal tax returns for 2018 through 2020 premised on the rationale that they were being amended, and that her 2021 taxes are not yet filed. Furthermore, plaintiff contends that while Warnock claims to have renounced her interest in real property she formerly owned in New Jersey with her mother, she does not provide any documentation to substantiate said renunciation. Lastly, plaintiff maintains that Warnock has provided no information whatsoever on her current compensation from her employment; she has not provided any information concerning securities or any other personal property or assets (such as jewelry, cars, etc.) that she

**150336/2020  VANDERGRAND PROPERTIES CO., vs. WARNOCK, SUSAN**
**Motion No. 011**

**Page 1 of 4**

owns; and she has refused to appear for a deposition as directed by the court (NYSCEF Doc. No. 302, *memo of law in support of motion*).

In opposition, Warnock argues that plaintiff's motion should be denied in its entirety because it does not meet the standard for criminal contempt. Firstly, Warnock argues that her opposition to the OSC was four (4) days late[1] because her domestic partner tested positive for COVID-19 on July 21, 2022, and that she herself later developed COVID-19-like symptoms although she tested negative for COVID-19 on July 27, 2022. As such, Warnock urges the court to consider her late opposition papers. Addressing the information subpoena, Warnock avers that she supplied over 1,300 pages of bate-stamped documents, including numerous bank statements and financial records, to plaintiff. She claims that contrary to plaintiff's contentions, those documents include records of her business and personal bank accounts containing information about her current employment compensation. Furthermore, Warnock argues that even though her 2018-2021 taxes were prepared, they were not actually filed, and that her accountants are currently working on them. Plaintiff also argues that no specific request for renunciation documents was made in relation to her interest in the New Jersey estate she once held with her now deceased mother. In addition, she asserts that she did not own any securities, jewelry (of any value), vehicles, collectibles, or artwork during the relevant period, and hence, does not possess documents pertaining to same. Lastly, Warnock claims that plaintiff failed to personally serve her with the June 2, 2022, order in accordance with the directive of the court. In furtherance of this, Warnock furnishes the affidavit of Paul Schwenger ("Schwenger"), the property manager at 44 West Tenth Street, the building in which Warnock has her office. Schwenger avers in his affidavit that, instead of serving Warnock, the process server served the legal papers on Alicia Ferrari, his wife, who was standing by the entrance of Warnock's office. ("NYSCEF Doc. No. 322, *Schwenger's affidavit*). Warnock attaches photos depicting the purported service of the legal papers on Alicia Ferrari (NYSCEF Doc Nos. 326-328).

Pursuant to Judicial Law § 750(A)(3), "[a] court of record has power to punish for a criminal contempt, a person guilty of . . . willful disobedience to its lawful mandate."

Judicial Law § 751(1) provides in pertinent part that "punishment for a contempt may be by fine, not exceeding one thousand dollars, or by imprisonment, not exceeding thirty days, in the jail of the county where the court is sitting, or both, in the discretion of the court."

Judicial Law § 773 permits "a party injured as a consequence of a contempt of court . . . to secure money damages" (*Cruz v TD Bank*, N.A., 22 NY3d 61, 78 [2013]).

"The purpose of a criminal contempt proceeding for willful disobedience of its lawful mandate is to vindicate the authority of the court and its orders" (*Mt. Sinai Hospital, Inc. v Davis*, 8 AD2d 361, 363 [1st Dept 1959]). "To sustain a finding of either civil or criminal contempt based on an alleged violation of a court order it is necessary to establish that a lawful order of the court clearly expressing an unequivocal mandate was in effect. It must also appear with reasonable certainty that the order has been disobeyed. Of course, the party charged must

---

[1] The opposition was due on July 25, 2022, but was e-filed on July 29, 2022, according to the NYSCEF filing date stamp.

**150336/2020   VANDERGRAND PROPERTIES CO., vs. WARNOCK, SUSAN**                    **Page 2 of 4**
**Motion No. 011**

have had knowledge of the court's order" (*Department of Environmental Protection v Department of Environmental Conservation*, 70 NY2d 233, 240 [1987]).

"The sole difference between civil and criminal contempt is that willful disobedience is criminal contempt, while mere disobedience whereby the rights of the party to the action are defeated or hindered is civil contempt" (*Frigidaire Div., General Motors Corp. v Sunset Appliance Stores, Inc.*, 46 AD2d 616, 616 [1st Dept 1974]).

"A criminal contempt proceeding requires personal service on the contemnor." (*Kozel v Kozel*, 161 AD3d 700, 701 [1st Dept 2018], citing *Matter of Grand Jury Subpoena Duces Tecum*, 144 AD2d 252, 255-256 [1st Dept 1988]).

Pursuant to 22 NYCRR 130-1.1, "a court may, in its discretion, award any party or attorney the costs and attorney's fees resulting from frivolous litigation, and a court may also impose financial sanctions upon a party engaging in frivolous conduct, including conduct meant to harass" (*Gottwald v Sebert*, 40 NY3d 240, 269 [2023]).

As an initial matter, this court will consider Warnock's late opposition papers since courts have broad discretion to consider untimely opposition papers, especially where the time is brief and causes no prejudice (see *Prato v Arzt*, 79 AD3d 622, 623 [1st Dept 2010], citing *Dinnocenzo v Jordache Enters.*, 213 AD2d 219, 219 [1st Dept 1995]). Plaintiff has not shown that it was prejudiced by Warnock's minimal delay in opposing the application; hence, Warnock's opposition shall be considered, especially given New York's strong public policy in favor of litigating matters on the merits (see *Nedeltcheva v MTE Transp. Corp.*, 157 AD3d 423, 423 [1st Dept 2018]; see *Arrington v Bronx Jean Co., Inc.*, 76 AD3d 461, 462 [1st Dept 2010]).

Here, upon a review of the relevant statutes and case law, as well as the arguments advanced, the application seeking criminal contempt is denied. It is undisputed that Warnock was directed to provide documents in response to plaintiff's information subpoena and to appear for a deposition. Although plaintiff maintains that Warnock has not complied with said directive, Warnock avers that she has submitted over 1,300 pages of bate-stamped documents to plaintiff in response to the information subpoena, belying plaintiff's assertion that her failure to comply with the order rises to the level of willful disobedience. To the extent there are documents to be provided to plaintiff that remain outstanding (i.e., tax returns, proof of property ownership renunciation), Warnock is directed to remedy said deficiencies. She is also directed to appear for a deposition.

While it is not lost on this court Warnock's contention that she was not properly served with the court order dated June 2, 2022, as was directed by the court, the argument is moot given the findings above.

Furthermore, the court has considered that branch of the application seeking attorney fees, and that relief is denied. All other arguments have been considered and are either without merit or need not be addressed given the foregoing. Accordingly, it is hereby

**150336/2020 VANDERGRAND PROPERTIES CO., vs. WARNOCK, SUSAN**
**Motion No. 011**

**Page 3 of 4**

3 of 4

[* 3]

**ORDERED** that plaintiff's Order to Show Cause is granted solely to the extent that Susan Warnock is directed to produce any outstanding documentation pursuant to the information subpoena and to appear for a deposition, but it is otherwise denied; and it is further

**ORDERED** that Susan Warnock shall produce any outstanding documentation pursuant to the plaintiff's information subpoena no later than February 2, 2024, and shall appear for a deposition on or before February 16, 2024; and it is further

**ORDERED** that within twenty (20) days after this decision and order is uploaded to NYSCEF, counsel for plaintiff shall serve a copy of this decision and order, with notice of entry, upon Susan Warnock.

This constitutes the decision and order of this court.

__December 20, 2023__

HON. VERNA L. SAUNDERS, JSC

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | | GRANTED | ☐ DENIED | X GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**150336/2020   VANDERGRAND PROPERTIES CO., vs. WARNOCK, SUSAN**
**Motion No. 011**

Page 4 of 4

4 of 4

[* 4]