■ In the Matter of META (LIEBERMAN) GLASS, Appellant, v. THEODORE M. GLASS, Respondent.—In a support proceeding, petitioner appeals, by permission of this court, from an order of the Family Court, Westchester County, dated September 2, 1969, which directed that a motion by her be held in abeyance, pending the receipt of a report from a court-designated psychiatrist, said motion having been (a) to require respondent to be examined by a psychiatrist designated by petitioner and (b) to remand respondent to the Psychiatric Division of Grasslands Hospital for observation. Order modified, on the law and the facts, by (1) limiting the direction therein to the portion of the motion which sought to have respondent remanded to Grasslands Hospital and (2) adding thereto a provision granting the motion insofar as it sought an examination of respondent by a psychiatrist designated by petitioner. As so modified, order affirmed, without costs. The examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by petitioner. Under all the circumstances, it is our opinion that petitioner was entitled to so much of the relief sought by her as we are hereby granting. Beldock, P. J., Christ, Rabin, Benjamin and Munder, JJ., concur.

■ In the Matter of PHILLIPSE TOWERS, INC., Respondent, v. TENANTS OF PHILLIPSE TOWERS, INC., Appellants.— In a proceeding by a limited profit housing company pursuant to section 31 of the Private Housing Finance Law to procure an increase in the rentals to be charged to the tenants of the company's housing project in the city of Yonkers, the tenants appeal from an order of the Commissioner of Housing of the State of New York, dated August 26, 1969, which granted such increase in stated amounts. Appeal dismissed, without costs; and stay granted by this court's order dated October 1, 1969 vacated. There is no provision in the statute under which the proceeding was brought and decided (Private Housing Finance Law, § 31) for an appeal from the order of the Commissioner of Housing. Appellants' remedy to obtain a review of the order was a proceeding under article 78 of the CPLR (cf. *Matter of Rappaport* v. *Gaynor,* N. Y. L. J., July 1, 1965, p. 9, col. 1, affd. 26 A D 2d 620; *Harper* v. *Gaynor,* N. Y. L. J., April 6, 1967, p. 18, col. 7). We have examined into and considered the points raised by the parties to this appeal. If we were to determine the appeal on the merits we would affirm the order in all respects. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.