Yvette M. PHARR, Christopher Rosa, Patricia King, Tonisha L. Locus, Crystal Mills, Maria Carmona, Maury Blige, Shirley Sisco, Sherman Richardson, Brian Jenkins, Kim Gooden, Sandra Griffen, Rebecca Mattos, Kwadiwo Gyamfi, C. Chisolm, Jean B. Miler, Beulah Gorden, Veniston Johnson Jr., Orlando Castillo, Gloria Duarte, James Byrd, Michael Bunce, Rosaletta Rosa, Vincent Sabater, Leroy Kerkendall, Juanita Cannella, Thomas William, George Alexander, Geri Jefferson, Nathaniel Johnson, Edward Rollins, Lorine Pressley, Loretta Smalls, Noed Lugo, Olive Sprauce, Barbara Amaker, Carole A. Phelps, Lisa Sarauw–Lugo, Robert Broughton, Lorraine Evans, G. Benjamin, Julius Christian, Emma Crowner, Dianne Barnes, Fred West, Carlos Pastos, Pearl Crencher, Melody Brown, Isabelo Deltoro, Faustino Gurman, Bertha Stancel, Francis J. Robinson, Tonya Harrison, Anthony Fuentes, Dennis Nanton, Ganzalo Gonzalez, Desiere Hilton, Nellie Footman, Willie Hopkins, Brenda Ferguson, Eleana Gonzalez, Josephine Santana, E. Middleton, Joan McMillan, Norma Henderson, Edith N., Alberta Karr, Inez N. Blige, Joanne Lee, E. Jeffers, Rita Salter, Vicki Salter, Angela Gordon, Kennedy Annor, Law-

rence Diggs, Karen A. Felton, M. Ramos, Gloria McClahan, Mary Miller, Tracey Robinson, Donna Soloman, Gail Gibson, Tilton Harrison, Loretta Wiener, Gwedolyn Wilson, Ijala Wilson, Carolyn Coleman, Margaret Fuentes, Rafelta Gilliam, Wilhelmenia Robinson, Remee W. James, Shirley Palmer, Arthur Spencer, Detra Homes, Selina Spencer, Furman White, Robert Green, David Williams, Jose Mesorana, Sharon Pierce, Harry Jackson, Keith Knight, Jane/John Doe, Plaintiffs–Appellants,

v.

EVERGREEN GARDEN, INC., and Grenadier Realty Corporation, Defendants–Appellees.

No. 04–2066–CV.

United States Court of Appeals, Second Circuit.

Jan. 25, 2005.

Paul B. Dalnoky, New York, N.Y., for Appellants.

Michael B. Doyle, Doyle & Broumand, LLP, Bronx, N.Y., for Appellees.

Present: CALABRESI, B.D. PARKER, and RAGGI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment of the district court entered on March 16, 2004, in favor of defendants is **AFFIRMED.**

Plaintiff-appellants, present and former tenants of an apartment building operated by Evergreen Gardens, Inc., appeal a final judgment dismissing their complaint against Evergreen Gardens and its managing agent, Grenadier Realty Corp. We review the order of dismissal *de novo,* accepting the material facts alleged by plaintiffs as true and drawing all reasonable inferences in their favor. *See Van Buskirk v. The New York Times Co.,* 325 F.3d 87, 89 (2d Cir.2003). We assume the par-

ties' familiarity with the pleadings and the record of proceedings in this case, and we reference same only as necessary to explain our decision.

## 1. Mail Fraud Claim

We readily affirm the district court's dismissal of plaintiffs' claim against defendant for mail fraud in violation of 18 U.S.C. § 1341. The law in this circuit is clear that this criminal statute does not support any private right of action. *See Official Publications, Inc. v. Kable News Co.,* 884 F.2d 664, 667 (2d Cir.1989).

## 2. RICO Claim

The district court dismissed plaintiffs' RICO claim as barred by the statute of limitations. We need not consider the timeliness of plaintiffs' RICO filing because we conclude that the *Rooker–Feldman* doctrine, *see D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 486–87, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923), deprived the district court of subject matter jurisdiction to adjudicate this claim. *See Shumway v. United Parcel Serv. Inc.,* 118 F.3d 60, 63 (2d Cir.1997) (noting appellate court's power to affirm a district court's judgment on any ground with adequate support in the record).

Plaintiffs' RICO claim essentially challenges a 1998 rent increase approved by the New York City Department of Housing Preservation and Development ("HPD") on the ground that defendants secured HPD approval through various fraudulent representations. Not insignificantly, Evergreen Gardens tenants partici-

pated in the HPD approval process through counsel and the President of their tenants' association, Edward Campbell. More to the point for purposes of this appeal, the final HPD decision has been the subject of various state court challenges, the results of which, under *Rooker–Feldman,* are not subject to review by lower federal courts. *See Kropelnicki v. Siegel,* 290 F.3d 118, 128 (2d Cir.2002). Specifically, the Evergreen Gardens Tenants' Association, Edward Campbell, and various individual tenants initially challenged the HPD-approved rent increase in an Article 78 proceeding, *see Allerton Coops Tenants Association v. Biderman,* 189 A.D.2d 249, 255, 596 N.Y.S.2d 10, 13–14 (1st Dep't 1993) (recognizing Article 78 proceeding as proper vehicle for tenants challenging propriety of approved rent increase); *see also Phillipse Towers, Inc. v. Tenants of Phillipse Towers, Inc.,* 33 A.D.2d 773, 773, 306 N.Y.S.2d 697, 698 (2d Dep't 1969) (holding that tenants appealing rent-increase ruling by Commissioner of Housing should proceed under Article 78), which action was dismissed as time-barred, *see Campbell v. Roberts,* 269 A.D.2d 207, 703 N.Y.S.2d 716 (1st Dep't 2000).[1] The following year, the same plaintiffs recast their rent-increase challenge as an overcharge action. The Bronx Supreme Court, however, dismissed their claim as precluded by the prior Article 78 proceeding. *See Pharr, et al. v. Evergreen Gardens, Inc.,* No. 25039/01 (Bronx Sup.Ct. May 21, 2003).

The *Rooker–Feldman* doctrine bars not only claims that involve direct review of a state court decision, but also claims that are "inextricably intertwined" with a state

---

1. Alternatively, the Appellate Division observed that, "in light of petitioners' active participation in the [rent increase] application process itself and [their] subsequent failure to attend meetings at which they could comment on HPD's findings, there appears to be no likelihood that this petition, even if timely filed, would result in a favorable result for petitioners." *Id.* at 207–08, 703 N.Y.S.2d at 717.

court decision. *Moccio v. New York State Office of Court Admin.,* 95 F.3d 195, 198 (2d Cir.1996). In delineating the doctrine's boundaries, this court has held that *Rooker–Feldman* is at least as broad as the principles of *res judicata,* and applies, at a minimum, when claim preclusion would bar the federal action. *Id.* at 199–200. Under the doctrine of *res judicata* or claim preclusion, the adjudication of a claim on the merits by a court of competent jurisdiction precludes its re-litigation in a subsequent proceeding. *See Cieszkowska v. Gray Line New York,* 295 F.3d 204, 205 (2d Cir.2002); *Murphy v. Gallagher,* 761 F.2d 878, 879 (2d Cir.1985).

Under the full-faith-and-credit statute, 28 U.S.C. § 1738, federal courts must give the same preclusive effect to state court judgments as would state courts "regardless of whether or not the issues in the federal action had actually been litigated in a prior state action." *Gargiul v. Tompkins,* 790 F.2d 265, 269 (2d Cir.1986). New York has adopted a transactional approach to claim preclusion. *See id.* (citing *Reilly v. Reid,* 45 N.Y.2d 24, 29–30, 407 N.Y.S.2d 645, 379 N.E.2d 172 (1978)). Thus, if a subsequent claim arises from the same "factual grouping" as a previously resolved claim, the subsequent claim is barred, regardless of whether the two suits are based on different legal theories or seek different remedies. *Smith v. Russell Sage College,* 54 N.Y.2d 185, 192, 445 N.Y.S.2d 68, 429 N.E.2d 746 (1981); *Reilly,* 45 N.Y.2d at 29–30, 407 N.Y.S.2d 645, 379 N.E.2d 172; *see also EFCO Corp. v. U.W. Marx, Inc.,* 124 F.3d 394, 397 (2d Cir.1997). In New York, then, "once a claim is brought to a final conclusion, all

other claims arising out of the same transaction or series of transactions are barred ..." *O'Brien v. City of Syracuse,* 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 429 N.E.2d 1158 (1981).

Significantly, in New York, a judgment dismissing a claim as barred by a statute of limitations is considered by state courts to be a judgment on the merits with full *res judicata* effect. *See Bray v. New York Life Ins.,* 851 F.2d 60, 64 (2d Cir.1988); *Gargiul v. Tompkins,* 790 F.2d at 269; *Meegan S. v. Donald T.,* 64 N.Y.2d 751, 752, 485 N.Y.S.2d 982, 983, 475 N.E.2d 449 (1984); *Smith v. Russell Sage College,* 54 N.Y.2d at 194, 445 N.Y.S.2d at 72, 429 N.E.2d 746; *see also Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211, 228, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995) (holding under federal law that the dismissal of a claim as time-barred amounts to a merit-based adjudication for the purposes of *res judicata* analysis); *PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894, 896 (2d Cir.1983) (same). Indeed, in this case, New York has already given preclusive effect to the dismissal of Evergreen Gardens tenants' Article 78 proceeding, as evidenced by the Bronx Supreme Court's refusal to entertain an overcharge suit as an alternative means for challenging the 1998 rent increase. We too now conclude that the state court's dismissal of the Article 78 challenge to the HPD rent increase precludes plaintiffs from pursuing a RICO challenge to that increase. *See, e.g., Waldman v. Village of Kiryas Joel,* 207 F.3d 105, 108 (2d Cir.2000) (precluding claims not raised in earlier proceeding because they revolved around the same "nucleus of operative facts").[2]

---

**2.** District courts in this circuit routinely cite *Rooker–Feldman* in dismissing RICO claims that attempt to raise alternative challenges to actions already rejected by the state courts. *See, e.g., Goldberg v. Roth,* No. 99 Civ. 11591,

2001 WL 1622201, at *5 (S.D.N.Y. Dec. 17, 2001) (dismissing federal RICO claims stemming from alleged injustices of state court decision because "[p]laintiff cannot make an end run around the *Rooker–Feldman* doctrine

In arguing against dismissal of their RICO claim, plaintiffs submit that not all of them were Evergreen Garden tenants at the time of the prior state actions and, thus, not all of them were parties to those suits. As a general proposition, *res judicata* requires an identicality, or privity, of the plaintiffs and defendants in the initial and subsequent actions for preclusion to apply. *See LaTrieste Restaurant and Cabaret, Inc. v. Village of Port Chester,* 40 F.3d 587, 591 (2d Cir.1994). This rule, however, is not strictly imposed where the party against whom claim preclusion is sought has, in essence, already received his or her day in court, and the application of *res judicata* would not alter this conclusion. *See Alpert's Newspaper Delivery, Inc. v. The New York Times Co.,* 876 F.2d 266, 270 (2d Cir.1989) (noting that literal privity is not required in order to obtain preclusive effect); *Amalgamated Sugar Co. v. NL Indus.,* 825 F.2d 634, 640 (2d Cir.1987).

The New York Court of Appeals has stated that privity includes: "those who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly coparties to a prior action." *Watts v. Swiss Bank Corp.,* 27 N.Y.2d 270, 277, 317 N.Y.S.2d 315, 265 N.E.2d 739 (1970). Applying these guidelines to this case, we conclude that there was sufficient privity between the plaintiffs in this action and those in the predecessor state suits to preclude re-litigation of the dismissed rent-increase challenge. First, although not conclusive on the issue of privity, the fact that the plaintiffs in this case have the same attorney that represented the plaintiffs in the Bronx County action "is of 'singular significance.'" *Ruiz v. Commissioner of Dep't of Transp. of the City of New York,* 858 F.2d 898, 903 (2d Cir.1988) (quoting *Watts v. Swiss Bank Corp.,* 27 N.Y.2d at 277, 317 N.Y.S.2d 315, 265 N.E.2d 739). Second, to the extent that any of the plaintiffs named in this action did not become tenants until after resolution of the prior state actions, they were, nevertheless, successors to the property interests of tenants who *were* parties to those actions. In any event, the named plaintiffs were all adequately represented in the former state actions by the Evergreen Gardens Tenant's Association and the individual tenants with whom they shared identical interests and incentives to litigate the rent increase. *See Chase Manhattan Bank, N.A. v. Celotex Corp.,* 56 F.3d 343, 346 (2d Cir.1995) (privity for purposes of claim preclusion may be found where there is a "substantial identity of the incentives" such that the earlier party's similar interest in pursuing litigation

and into federal court ... through the mere assertion of new and baseless claims to supplement the old"); *Rene v. Citibank NA,* 32 F.Supp.2d 539, 543 (E.D.N.Y.1999) (concluding that the court lacked subject matter jurisdiction under *Rooker–Feldman* to hear plaintiffs' RICO and § 1983 claims because "plaintiff asks this Court to review the state court's judgment of foreclosure and eviction, by seeking damages for the loss of their property"); *Zipper v. Todd,* No. 96 Civ. 5198, 1997 WL 181044, at *3 (S.D.N.Y. Apr. 14, 1997) ("While it is true that plaintiffs never actually raised the federal claims of Section 1983, RICO and SLAPP violations before the state

court, *Rooker–Feldman* precludes district court review of claims 'inextricably intertwined' with state court determinations. The fact that plaintiffs raise new claims under federal statutes does not preclude a finding that they are barred by the *Rooker–Feldman* doctrine."); *see also Harris v. New York State Dep't of Health,* 202 F.Supp.2d 143, 166–67 (S.D.N.Y.2002) (barring plaintiff's ADA and Rehabilitation Act claims because they were "integrally connected with the matters decided in the state administrative proceedings" and "implicate[d] the essence of the issue adjudicated by the state court").

created a "virtual representation"). Finally, "[i]f claim preclusion is not applied broadly in cases like this one, governmental defendants could be subject to an overwhelming number of suits arising out of the same series of transactions." *Ruiz v. Commissioner of Dep't of Transp. of the City of New York*, 858 F.2d at 903. This would defeat the purpose of New York's Article 78 mechanism for review of administrative decisions and subject HPD to an almost endless parade of challenges to the same administrative decision simply by having each new tenant file a new complaint.

In sum, because we conclude that New York would treat (and, indeed, in the Bronx action has already treated) its dismissal of Evergreen Gardens tenants' Article 78 challenge to the 1998 HPD approved rent increase as a merits determination that precludes further tenants' challenges to the same increase, we hold that, under the *Rooker–Feldman* doctrine, the district court properly dismissed plaintiffs' attempt to challenge the rent increase as a violation of RICO.

Plaintiffs fault the district court for denying their request to amend or replead their RICO claim. We review this decision deferentially for abuse of discretion. *See Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198–99 (2d Cir.1990). Although a plaintiff should generally be afforded an opportunity to amend his complaint prior to its dismissal for failure to state a claim, a district court need not grant leave to amend if it can rule out any possibility that an amended complaint would succeed. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir.1999). Here, the district court did not err in failing to grant leave to amend, because a liberal reading of the complaint and the parties' briefs fails to indicate any possibility that the tenants could state a colorable claim with

"an arguable basis in law or in fact" to save jurisdiction. *See Kaster v. Modification Systems, Inc.*, 731 F.2d 1014, 1018 (2d Cir.1984) ("That the amendments would not serve any purpose is a valid ground to deny a motion for leave to amend.").

In sum, because we conclude that plaintiffs could not pursue a civil fraud claim under 18 U.S.C. § 1341 and that the *Rooker–Feldman* doctrine precluded the district court from exercising jurisdiction over plaintiffs' RICO claim, we hereby AFFIRM its dismissal of the complaint and its entry of judgment in favor of defendants.