■ In the Matter of the Claim of REGIS N. LA FRANCE, Respondent. TRI-STATE LEASING SERVICE, INC., Appellant.

THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Mikoll, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 4, 1990, which, *inter alia,* ruled that claimant was entitled to receive unemployment insurance benefits.

The employer objects to establishing a benefit claim for claimant in New York on the ground that claimant was improperly held to be a covered employee in this State pursuant to Labor Law § 511 (3). The employer also objects to claimant being held eligible for unemployment insurance benefits, arguing that he voluntarily left his job without good cause, that is, he left work for personal reasons related to problems with his girlfriend.

The Unemployment Insurance Appeal Board affirmed the finding of the Administrative Law Judge that the employer was liable for claimant's benefits pursuant to Labor Law § 511 (3) because claimant's primary base of operations was in New York. He also held that claimant had a compelling reason to leave his job because of the deduction agreement he was required to sign obligating him to reimburse the employer for damages to the tractor-trailer caused by his negligence. It was held that such a deduction was in violation of Labor Law § 193, that claimant was not required to work under illegal terms and, thus, that his departure did not constitute voluntarily leaving employment without good cause. We agree.

The record discloses that claimant worked as a tractor-trailer driver for the employer for 22 weeks, ending June 13, 1989. Claimant resided in New York. The employer directed where and when claimant was to pick up loads. As an accommodation to claimant, the employer usually arranged it so that claimant would commence and end his work week in New York to enable him to be home on weekends. He was allowed to keep the tractor-trailer over the weekends. He originally applied for employment at the employer's New York office in St. Lawrence County, maintained there to accommodate one of the employer's major customers. Claimant's application was checked out in New York by that office and was reviewed and finally approved in Ohio, where he was required to appear to fill out remaining employment papers. He also received training in Ohio. He was obliged to call Ohio each day, including weekends, to determine his job assignments. In May 1989 claimant violated his daily call in for a five-day period. The employer had to send another driver to pick up the load at claimant's abode. Claimant was advised that this could result in loss of employment if repeated. A

similar incident occurred on June 13, 1989 when claimant had again been out of touch with his dispatcher for five days. The employer, upon reaching claimant on June 13, 1989, was told by claimant that he was leaving his work because of personal problems. His final paycheck was issued on June 24, 1989 from which a deduction of $350 was made for damages to the tractor-trailer. The deduction was made pursuant to an authorization form claimant was required to sign at the time of hire. Claimant advised the unemployment insurance office that he terminated his work because of the deduction for damages. The record also discloses that a prior deduction for damages to his tractor-trailer had been made before the June 24, 1989 deduction.

There should be an affirmance. Testimony at the hearing came solely from the employer's witnesses. Claimant was found entitled to coverage in New York pursuant to Labor Law § 511 (3) in that his primary base was in New York where he also performed some services. The tests set forth in the statute are to be applied in succession to the entire service, both within and without the State (*Matter of Mallia [Corsi]*, 299 NY 232, 239). Though some indices point to Ohio as the base of operations, others point to New York. In resolving the issue, the Board's determination was supported by substantial evidence in the record (*see, Matter of Dmytreshin [Catherwood]*, 12 AD2d 674, 675).

As to whether claimant left his job without disqualifying reasons, the record indicates that claimant said he was leaving for personal reasons. However, the conditions of work forced on him by his employer in requiring him to agree to deduction from his wages in violation of Labor Law § 193 constituted a valid reason to leave. Bryan Benner, the employer's safety director, testified that deductions were taken from claimant's wages on two occasions for damages to the tractor-trailer he drove. This testimony constitutes substantial evidence for the finding of just cause to leave. The conclusion is not based on hearsay, as contended by the employer, but is based on Benner's direct testimony to this effect.

We do disagree with the Board's conclusion that the employer first raised the issue of claimant's voluntarily leaving his employment on appeal. The employer offered testimony to this effect at the administrative hearing. We concur, however, with the finding by the Administrative Law Judge that claimant had a justifiable reason for leaving based on the illegal deductions made from his pay (*see*, Labor Law § 193) and his failure to verbalize such reason on June 13, 1989 when he left

employment does not vitiate the justification for his departure. This remained a viable justification for leaving employment, was timely claimed by him in his written claim for unemployment benefits, and was fully explored at the administrative hearing.

Decision affirmed, without costs. Casey, J. P., Mikoll, Levine, Mercure and Crew III, JJ., concur.