■ WASTE SERVICES, INC., et al., Appellants, v JAMAICA ASH & RUBBISH REMOVAL Co., INC., et al., Respondents, et al., Defendant. [691 NYS2d 150] —In an action, *inter alia*, to recover damages for tortious interference with contract, trade libel, and unfair competition, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Feuerstein, J.), dated April 20, 1998, which granted the motion of the defendants Jamaica Ash & Rubbish Removal Co., Inc., and Refuse & Environmental Waste Management, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiffs, which are in the business of waste removal, alleged in their complaint, *inter alia*, that the defendants Jamaica Ash & Rubbish Removal Co., Inc. (hereinafter Jamaica Ash), a rival business operating on Long Island, and Refuse & Environmental Waste Management, Inc. (hereinafter Refuse), a rival business operating in New York City, interfered with their service contracts, including a contract with the defendant RentaCenter, Inc. (hereinafter RentaCenter). A claim that RentaCenter breached its contract with the plaintiff New York Waste Services, Inc., was subsequently withdrawn.

The Supreme Court properly granted the motion by the defendants Jamaica Ash and Refuse for summary judgment dismissing the complaint insofar as asserted against them. With respect to the defendant Refuse, the plaintiffs conceded that their cause of action for tortious interference with contract was not viable because their contracts in New York City were terminable on 30-days notice pursuant to Local Laws, 1996, No. 42 of the City of New York (Administrative Code of City of NY § 16-501 *et seq.*). Agreements that are terminable at will are classified as prospective contractual relations, and a cause of action to recover damages for the tortious interference with prospective contractual relations requires a showing of malice or wrongful conduct (*see, NBT Bancorp v Fleet / Norstar Fin. Group,* 87 NY2d 614, 621; *Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 194; *American Preferred Prescription v Health Mgt.,* 252 AD2d 414). The plaintiffs failed to make such a showing (*see, Glen Cove Assocs. v North Shore Univ. Hosp.,* 240 AD2d 701; *M.J. & K. Co. v Matthew Bender & Co.,* 220 AD2d 488).

The court also properly granted summary judgment dismissing the plaintiffs' cause of action against Refuse to recover damages for trade libel and disparagement based on the plaintiffs' failure to adduce proof in admissible form of the alleged fraudulent representations (*see, Waste Distillation Technology v Blasland & Bouck Engrs.,* 136 AD2d 633). The plaintiffs' claim of unfair competition is without any factual support in the record.

To prevail on the claim of tortious interference with contract against the defendant Jamaica Ash, the plaintiffs were required to establish (1) the existence of a valid contract, (2) the defendant's knowledge of the contract, (3) the defendant's intentional interference with the contract, and (4) damages (*see, Lama Holding Co. v Smith Barney,* 88 NY2d 413, 424; *Kronos, Inc. v AVX Corp.,* 81 NY2d 90, 94). In response to the defendants' prima facie case for summary judgment, the

plaintiffs relied on evidence concerning two of its customers. This evidence was insufficient to raise triable issues of fact as to whether Jamaica Ash intentionally interfered with valid contracts, and whether the plaintiffs suffered any damages as a result. Furthermore, in the absence of evidence to support their allegations of fraudulent representations or other wrongful conduct, summary judgment was properly granted dismissing the plaintiffs' remaining claims against Jamaica Ash alleging, *inter alia*, trade libel and interference with prospective contractual relations.

Finally, we agree with the Supreme Court that the plaintiffs' mere hope that discovery would uncover evidence to prove their case was insufficient to postpone a decision on the motion (*see, Zarzona v City of New York,* 208 AD2d 920). O'Brien, J. P., Santucci, Altman and H. Miller, JJ., concur.