**Frank P. FACONTI, Plaintiff–Appellant,**

**v.**

**John E. POTTER, Postmaster General, Defendant–Appellee.**

**Nos. 02–6318, 02–6320.**

United States Court of Appeals, Second Circuit.

Oct. 9, 2003.

Frank P. Faconti, Brooklyn, NY, for Plaintiff–Appellant, pro se.

F. Franklin Amanat, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Varuni Nelson, Assistant United States Attorney, on the brief), Brooklyn, NY, for Defendant–Appellee.

Present: MINER, CALABRESI, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

This order addresses separate appeals from two actions brought by *pro se* plaintiff-appellant Frank P. Faconti against defendant-appellee Postmaster General John E. Potter in the United States District Court for the Eastern District of New York (Levy, *M.J.*). In the first action, filed in 1998, plaintiff claimed that a March 1993 decision of the United States Postal Service ("USPS") not to select him for the position of Operations Support Specialist, EAS–20, constituted unlawful disability discrimination, in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.* (2000). In the second action, filed in 2001, plaintiff claimed that the USPS failed to take reasonable steps to accommodate his disability before supporting his application for disability retirement under the Civil Service Retirement System, also in violation of the Rehabilitation Act, *id.* In both actions, the district court awarded summary judgment to the defendant.

We review the district court's grant of summary judgment *de novo. Burt Rigid*

*Box, Inc. v. Travelers Prop. Cas. Corp.,* 302 F.3d 83, 90 (2d Cir.2002). Summary judgment is appropriate if the evidence is such that a reasonable factfinder would be "compelled to accept the view of the moving party." *This is Me, Inc. v. Taylor,* 157 F.3d 139, 142 (2d Cir.1998) (internal quotation marks and citation omitted). That is the situation before us. Accordingly, we affirm.

To prevail on a Rehabilitation Act claim, plaintiff must prove, *inter alia,* that he is an "otherwise qualified individual"—that, "with reasonable accommodation, he could perform the essential functions of the position[s] sought." *Stone v. City of Mount Vernon,* 118 F.3d 92, 96 (2d Cir.1997); *see also* 29 U.S.C. § 794(a). Based on the record before us, we hold that the evidence is insufficient for a reasonable trier of fact to conclude that plaintiff was capable, at the time of the challenged employment actions, of performing the essential functions of the post office positions in question. Because, with respect to both actions, plaintiff has not shown that he is an "otherwise qualified individual" within the meaning of the Rehabilitation Act, his claims must fail. As a consequence, we need not reach the more complicated questions of jurisdiction, judicial estoppel, and accommodation raised by the parties.

We have considered all of appellant's claims and find them meritless. We therefore AFFIRM the judgment of the district court.