SECOND DEPARTMENT, MARCH, 2005

(March 7, 2005)

■ BARON ASSOCIATES, P.C., Appellant, v RSKCO et al., Respondents. [790 NYS2d 407]—

In an action, inter alia, to recover damages for tortious interference with contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated June 18, 2003, which granted that branch of the motion of the defendant Global Investigative Concepts, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the motion of the defendants RSKCO, Coca-Cola Bottling Company of New York, Continental Casualty Insurance Company, and Bunin & DiGiulio which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The defendant Global Investigative Concepts, Inc. (hereinafter Global), established its prima facie entitlement to summary judgment. In opposition, the plaintiff failed to raise a triable issue of fact that Global engaged in the wrongful conduct required for a cause of action to recover damages for tortious interference with contract based on a client's termination of a terminable-at-will retainer agreement (*see Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183 [1980]; *Waste Servs. v Jamaica Ash & Rubbish Removal Co.*, 262 AD2d 401 [1999]; *Koeppel v Schroder*, 122 AD2d 780 [1986]).

In addition, the plaintiff did not assert that the defendants RSKCO, Coca-Cola Bottling Company of New York, Continental Casualty Insurance Company, and Bunin & DiGiulio employed

wrongful means to induce a client's termination of his retainer agreement with it. Accordingly, the plaintiff failed to state a cause of action to recover damages for tortious interference with contract against those defendants. Thus, the Supreme Court properly dismissed the complaint insofar as asserted against those defendants.

The plaintiff's remaining contentions are without merit. Florio, J.P., Schmidt, Rivera and Lifson, JJ., concur.