Frank P. FACONTI, Plaintiff–
Appellant,

v.

John E. POTTER,* Defendant–
Appellee.

No. 06–5271–cv.

United States Court of Appeals,
Second Circuit.

Sept. 25, 2007.

---

* Pursuant to Federal Rule of Appellate Proce-

dure 43(c)(2), Postmaster General John E.

Frank P. Faconti, pro se, Brooklyn, NY, for Appellant.

F. Franklin Amanat, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, on brief), Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, Circuit Judges, and PAUL A. CROTTY **, District Judge.

## SUMMARY ORDER

Plaintiff-appellant Frank P. Faconti ("Faconti" or "plaintiff") appeals *pro se* from a judgment entered by the District Court on August 29, 2006 which dismissed plaintiff's complaint following a motion for judgment on the pleadings by defendant. This action was the third action filed by Faconti against the Postmaster General. In two prior actions, *Faconti v. Potter*, E.D.N.Y. Dkt. No 98–cv–0275 (*"Faconti I"*), and *Faconti v. Potter*, E.D.N.Y. Dkt. No. 01–cv–1034 (*"Faconti II"*), the District Court had granted the Postmaster General's motion for summary judgment and motion to dismiss, respectively. In the current action, *Faconti v. Henderson*, E.D.N.Y. Dkt. No. 01–cv–2600, the District Court dismissed plaintiff's complaint based on the doctrines of *res judicata* and collateral estoppel.

In *Faconti I*, filed on February 3, 1998, plaintiff alleged discriminatory treatment in 1993 in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–96, in not being selected for a management position in the United States Postal Service ("USPS") as a result of being an applicant for disability retirement from the USPS. On February 21, 2001, plaintiff filed *Faconti II*, claiming that the USPS had not taken reasonable steps to accommodate his disability. On April 27, 2001, plaintiff filed the instant action against defendant on essentially the same facts, alleging that when he had attempted to report to work, a supervisor impermissibly prevented him from working because he had filed for disability retirement. The District Court (Robert M. Levy, *Magistrate Judge*) *** granted defendant's motion for summary judgment in *Faconti I* and *Faconti II*, noting that "the requirements for obtaining a [Civil Service Retirement System ("CSRS")] disability retirement annuity are wholly inconsistent with the requirements for proving a claim of disability discrimination under the Rehabilitation Act." *Faconti v. Potter*, Nos. 01–cv–1034, slip op. at 17 (E.D.N.Y. July 25, 2002). The District Court's judgments in both *Faconti I* and *Faconti II* were affirmed by this Court, *Faconti v. Potter*, 77 Fed.Appx. 68 (2d Cir.2003), and the Supreme Court denied plaintiff's petitions for certiorari on June 1, 2004. In the instant case, plaintiff asked the District Court to refrain from ruling on the merits of the claim until the Court had ruled on plaintiff's motion for relief from judgment pursuant to Fed.

---

Potter is automatically substituted for former Postmaster General William J. Henderson as respondent in this case.

** The Honorable Paul A. Crotty, of the United States District Court of the Southern District of New York, sitting by designation.

*** All parties consented to the matter being assigned to the magistrate judge for all purposes, including entry of judgment, pursuant to 28 U.S.C. § 636(c)(1).

R.Civ.P. 60(b)(1) and 60(b)(6) in the first two cases, relief which the Court denied in an order issued on January 11, 2006. Defendant moved for a judgment on the pleadings and on August 29, 2006, the District Court (Dora L. Irizarry, *Judge*), granted defendant's motion. Plaintiff timely appealed. We assume the parties' familiarity with the facts and the procedural history of the case.

We review *de novo* a judgment on the pleadings pursuant to Fed. R. Civ. P 12(c). *See Hardy v. New York City Health & Hospital Corp.*, 164 F.3d 789, 792 (2d Cir. 1999). In a judgment on the pleadings under Rule 12(c) we apply the same standard as that applicable to a motion under Rule 12(b)(6). "Under that test, a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant; it should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.1994) (internal quotation marks and citations omitted). "[C]onsideration is limited to the factual allegations in plaintiff['s] amended complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which plaintiff[ ] had knowledge and relied on in bringing suit." *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir.1993). Applying the test of *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir.2001) for applying the doctrine of *res judicata*—that (1) the previous actions involved final adjudication on the merits; (2) the previous actions involved the same parties; and (3) the claims asserted in the instant action could have been raised in the prior action- the District Court determined that the instant suit was barred by *res judicata*.

Upon a review of the record and the relevant law, we detect no error in the judgment of the District Court.

Accordingly, we **AFFIRM** the judgment of the District Court, substantially for the reasons stated by Judge Irizarry in her careful and comprehensive Memorandum and Order of August 29, 2006.