R.S., By and Through his parents
and next friends Mr. & Mrs.
S., et al., Plaintiffs,

v.

**RIDGEFIELD BOARD OF
EDUCATION, et al.,
Defendants.**

No. 3:06CV01783 (DJS).

United States District Court,
D. Connecticut.

Feb. 15, 2008.

David C. Shaw, Law Offices of David C. Shaw, Bloomfield, CT, for Plaintiffs.

Alexandria L. Voccio, Thomas R. Gerarde, Christopher J. Picard, Howd & Ludorf, Mark T. Altermatt, David G. Hill, Halloran & Sage, Hartford, CT, Kevin S. Coyne, Coyne, Von Kuhn, Brady & Fries, Stratford, CT, Thomas P. O'Dea, Jr., Halloran & Sage, Westport, CT, Jennifer J. Tunnard, Hastings, Cohan, Walsh & Lovallo, Ridgefield, CT, Nicole C. Chomiak, Stacey L. Pitcher, Nuzzo & Roberts, Cheshire, CT, Kevin M. Black, Bayer & Black PC, Wilton, CT, Marsha Belman Moses, Michelle Claire Laubin, Berchem, Moses & Devlin, P.C., Milford, CT, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

DOMINIC J. SQUATRITO, District Judge.

The Plaintiffs, R.S., by and through his parents and next friends Mr. & Mrs. S., Mr. S., and Mrs. S. ("the Plaintiffs"), bring this action against the Defendants, the Ridgefield Board of Education, Patricia C. O'Connor, Gary Green, the Town of Ridgefield, Deidre Aarons, Coordinated Transportation Solutions, Inc., Marcia "Doe," Cooperative Educational Services, Daniel French, Paul Tyrrell, Ronald Luby, B.L., Mr. M.L., Mrs. M.L., B.V., Mr. S.V., and Mrs. S.V.[1] alleging various violations of federal and Connecticut law. Now pending before the court is Mr. M.L.'s and Mrs. M.L.'s motion to dismiss the Second and Fifth Counts of the amended counterclaim (dkt.# 108), insofar as those counts pertain to them. For the following reasons, the motion to dismiss (**dkt.# 108**) is **GRANTED in part and DENIED in part.**

## I. FACTS

The facts relevant to this motion, as alleged in the amended complaint, are relatively brief. R.S. is a child with severe disabilities who receives special education services under the Individuals with Disabilities Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"). B.L. is a child with severe emotional and psychiatric disabilities who also receives special educational services under the IDEA. According to the amended complaint, all the Defendants know that B.L. was an emotionally disturbed child with a history of aggressive and abusive behavior. The Plaintiffs claim that from September 1, 2004 through November 10, 2004, R.S. and B.L. were transported on the same special education bus from Ridgefield, Connecticut to special education programs in Bridgeport, Connecticut and Trumbull, Connecticut. According to the Plaintiffs, B.L. abused R.S. during these bus rides by poking him with knives and other sharp objects in the leg and groin areas. The Plaintiffs also maintain that B.L. engaged in the abusive conduct by using force and the threat of force. The Plaintiffs maintain that, because of the severity of his physical, mental, and communication disabilities, R.S. was unable to tell adults about or otherwise extricate himself from this abuse.

---

1. Due to the nature and circumstances of this case, the court allowed certain parties to proceed in this action using fictitious names. For the purpose of clarification, the court notes that: (1) Mr. S. and Mrs. S. are the parents of R.S.; (2) Mr. M.L. and Mrs. M.L. are the parents of B.L.; and (3) Mr. S.V. and Mrs. S.V. are the parents of B.V.

## II. DISCUSSION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Mr. M.L. and Mrs. M.L. seek dismissal of the Second Count (Assault and Battery) and the Fifth Count (Negligence) of the amended counterclaim insofar as those counts pertain to them. According to Mr. M.L. and Mrs. M.L., those counts fail to state a claim against them upon which relief can be granted. The Plaintiffs maintain that dismissal of those counts against Mr. M.L. and Mrs. M.L. is not warranted, and alternatively ask that the court allow them to re-plead if the court finds those two counts fail under Rule 12(b)(6).

### A. RULE 12(B)(6) STANDARD

■ When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." *United States v. Yale New Ha-*

*ven Hosp.,* 727 F.Supp. 784, 786 (D.Conn. 1990) (citing *Scheuer,* 416 U.S. at 232, 94 S.Ct. 1683). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transp. Local 504,* 992 F.2d 12, 15 (2d Cir.1993).[2]

### B. SECOND COUNT

In the Second Count of the amended complaint, the Plaintiffs allege that B.L. poked R.S. repeatedly in the leg and groin area, and elsewhere, with a knife and other sharp objects on a daily basis during the time period from September 1, 2004 through November 10, 2004. The Plaintiffs claim that B.L., Mr. M.L. and Mrs. M.L. are liable for assault and battery as a result of this conduct, which caused R.S. severe physical and emotional trauma, pain, and suffering.

■ The court believes that the claims in the Second Count against Mr. M.L. and Mrs. M.L. must be dismissed. As stated by the Connecticut Supreme Court, "[a]t common law, the torts of children do not impose vicarious liability upon parents qua parents, although parental liability may be created by statute; *see* General Statutes § 52–572; or by independently negligent behavior on the part of parents. *LaBonte v. Federal Mutual Ins. Co.,* 159 Conn. 252, 256, 268 A.2d 663

---

**2.** The court notes that the Plaintiffs have attached thirty-seven pages of exhibits with their opposition memorandum. For a Rule 12(b)(6) motion to dismiss, however, the court should only look at the facts alleged in the operative complaint. There are narrow, specific circumstances in which the court may consider extrinsic evidence for a Rule 12(b)(6) motion without converting it to a motion for summary judgment. *See Estate of Axelrod v. Flannery,* 476 F.Supp.2d 188, 199–200

(D.Conn.2007) ("The extrinsic evidence that the court may consider on a motion to dismiss without having to treat the motion as one for summary judgment is limited to materials that are integral to the plaintiff's complaint or materials subject to judicial notice.") The Plaintiffs do not argue, and the court does not believe, that these narrow, specific circumstances apply here. Therefore, the court shall not consider the exhibits submitted by the Plaintiffs.

(1970)." *Kaminski v. Town of Fairfield*, 216 Conn. 29, 34, 578 A.2d 1048 (1990) (footnote omitted). That is, Mr. M.L. and Mrs. M.L. either could be vicariously liable for B.L.'s alleged assault and battery pursuant if such liability is allowed by statute, or they could be liable for their own independent negligent behavior with regard to the assault and battery.

> Connecticut statute provides that
>
> [t]he parent or parents . . . of any unemancipated minor or minors, which minor or minors wilfully or maliciously cause . . . injury to any person, . . . shall be jointly and severally liable with the minor or minors for the damage or injury to an amount not exceeding five thousand dollars, if the minor or minors would have been liable for the damage or injury if they had been adults.

Conn. Gen.Stat. § 52–572(a). That is, under Connecticut statutory law, Mr. M.L. and Mrs. M.L., as the parents of B.L., could be vicariously liable for B.L.'s alleged assault and battery. In fact, in the Ninth Count of the amended complaint, the Plaintiffs do bring a claim against Mr. M.L. and Mrs. M.L. pursuant to Conn. Gen.Stat. § 52–572. In addition, the Plaintiffs bring claims alleging that the independent negligent behavior of Mr. M.L. and Mrs. M.L. caused R.S.'s injuries: in the Fifth Count the Plaintiffs bring a general negligence claim, and in the Tenth Count, they bring a negligent supervision claim. Thus, through the Fifth, Ninth, and Tenth Counts of the amended complaint, the Plaintiffs have essentially "covered their bases" by grounding their claims against Mr. M.L. and Mrs. M.L. upon all of the types of parental liability allowed under Connecticut law. They cannot also bring a separate common law claim of assault and battery against Mr.

M.L. and Mrs. M.L. based upon parental vicarious liability, no matter what additional facts they may wish to allege.[3] Consequently, with regard to the Second Count, the motion to dismiss **(dkt.# 108)** is **GRANTED.**

## C. FIFTH COUNT

In the Fifth Count of the amended complaint, the Plaintiffs bring a negligence claim against all the Defendants. Mr. M.L. and Mrs. M.L. move to dismiss the Fifth Count as it pertains to them on the ground that there are no allegations contained therein that apply to them. The court disagrees. The general pleading standard in federal court is one of notice pleading. *See* Fed.R.Civ.P. 8(a). That is, a complaint or counterclaim need contain only "a short and plain statement of a claim of the claim showing that the pleader is entitled to relief. . . ." *Id.* "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, —— U.S. ——, ——, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (internal quotation marks omitted).

In the Fifth Count, the Plaintiffs allege that all the Defendants, which includes Mr. M.L. and Mrs. M.L., "had actual or constructive knowledge that Defendant B.L. had severe emotional disabilities and that the aggressive and abusive behaviors he exhibited toward others would present a risk. . . ." (Dkt. # 51 ¶ 95.) The amended complaint goes on to allege that the injuries suffered by R.S. could have been prevented if the Defendants had not been negligent. In the court's view, this is pleading is sufficient under Rule 8(a). As noted above, the Plaintiffs need not allege

---

**3.** Consequently, insofar as they ask to re-plead the allegations in the Second Count, the Plaintiffs' request is **DENIED.**

"specific facts" in the amended complaint, especially considering that the extent of the Defendants' negligence (if any) will be known more fully only after discovery has been completed. Consequently, with regard to the Fifth Count, the motion to dismiss (**dkt.# 108**) is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Mr. M.L.'s and Mrs. M.L.'s motion to dismiss (**dkt.# 108**) is **GRANTED in part and DENIED in part**. The court hereby orders the following: **(1) With regard to the Second Count, the motion to dismiss (dkt.# 108) is GRANTED.** *The Second Count of the amended complaint is hereby DISMISSED with regard to the claims against Mr. M.L. and Mrs. M.L. only. The Second Count of the amended complaint remains in effect with regard to the claim against B.L.;* and **(2) With regard to the Fifth Count, the motion to dismiss (dkt.# 108) is DENIED.**