DAVID SMITH, Respondent, v MERIDIAN TECHNOLOGIES, INC., et al., Appellants. [861 NYS2d 687]—

In an action, inter alia, to recover damages for tortious interference with prospective contractual relations, the defendants appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated May 18, 2007, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was to dismiss the fourth cause of action and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff is a former employee of the defendant Meridian

Technologies, Inc. (hereinafter Meridian), of which the defendant Michael Barry is the managing director. In July 2006, less than one week after resigning from Meridian, the plaintiff became an employee of nonparty Multidyne Electronics, Inc. (hereinafter Multidyne). By letter to the plaintiff dated August 3, 2006, Meridian asserted that Multidyne was a direct competitor, and that the plaintiff's employment with Multidyne was a breach of his employment agreement with Meridian, which contained a restrictive covenant. Further, Meridian accused the plaintiff of exploiting confidential trade secrets he obtained during his employment with Meridian to unfairly compete. The letter, signed by Barry, was copied to Multidyne. By letter to the plaintiff dated August 11, 2006, counsel for Meridian highlighted various provisions of the plaintiff's employment agreement with Meridian and stated that unless the plaintiff's "unlawful employment" with Multidyne ceased immediately, Meridian would commence a legal action to obtain injunctive relief and damages. The letter was copied to Multidyne. That same day, the plaintiff was terminated from his employment with Multidyne. The plaintiff commenced this action, inter alia, to recover damages in tort. The plaintiff alleges that Multidyne was not a direct competitor of Meridian, and that the defendants falsely accused him of misappropriating confidential trade secrets. Further, he alleges that the defendants provided such false accusations to Multidyne with a "disinterested malevolence" in an effort to secure his termination, which in fact occurred. The plaintiff also seeks a declaration that his employment agreement is unenforceable because it lacks a definite term, and that the restrictive covenant is unenforceable because it is not reasonably limited both temporally and geographically. Finally, the plaintiff alleges that he is owed additional compensation from Meridian. The defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint, arguing, inter alia, that the assertions in the letters dated August 3, 2006 and August 11, 2006 are true. The Supreme Court denied the motion. We modify.

In deciding a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court must give the pleading a liberal construction, accept all of the facts alleged in the pleading to be true, and accord the plaintiff the benefit of every possible favorable inference in determining whether the allegations fit under any cognizable legal theory (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144 [2002]; *Leon v Martinez*, 84 NY2d 83 [1994]). Here, applying this standard, the complaint is sufficient to state a cause of action to recover damages arising from tortious interference

with prospective contractual relations as against both defendants (*see NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614 [1996]; *Baron Assoc., P.C. v RSKCO*, 16 AD3d 362 [2005]; *Greenway Plaza Off. Park-1 v Metro Constr. Servs.*, 4 AD3d 328 [2004]; *Waste Servs. v Jamaica Ash & Rubbish Removal Co.*, 262 AD2d 401 [1999]; *see generally Carvel Corp. v Noonan*, 3 NY3d 182 [2004]). The plaintiff did not allege that he had an employment contract with Multidyne. However, an agreement terminable at will is a prospective contractual relation, and may be tortiously interfered with through malicious or wrongful conduct (*see NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d at 624; *Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183 [1980]; *Waste Servs. v Jamaica Ash & Rubbish Removal Co.*, 262 AD2d 401 [1999]). Wrongful conduct has been defined to include "physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure" (*Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d at 191; *see also NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d at 624). Here, the plaintiff's allegation that the defendants falsely represented to Multidyne that he was exploiting misappropriated trade secrets to engage in unfair competition was sufficient to allege such wrongful conduct, and his allegation that he was terminated as a result was sufficient to allege damages (*see Town & Country House & Home Serv. v Newbery*, 3 NY2d 554 [1958]; *Pearlgreen Corp. v Yau Chi Chu*, 8 AD3d 460 [2004]; *Walter Karl, Inc. v Wood*, 137 AD2d 22 [1988]). Thus, the Supreme Court properly denied those branches of the defendants' motion which were to dismiss the first through third causes of action.

The complaint also sufficiently states a cause of action for a declaration that the restrictive covenant contained in the employment agreement is unenforceable and, although inartful, states a cause of action to recover additional compensation from Meridian (*see generally Michael G. Kessler & Assoc., Ltd. v White*, 28 AD3d 724 [2006]). Thus, the Supreme Court properly denied those branches of the defendants' motion which were to dismiss the fifth and sixth causes of action.

However, the fourth cause of action seeking a declaration that the employment agreement with Meridian was unenforceable because it lacked a definite term should have been dismissed. Bare legal conclusions and factual claims which are flatly contradicted by the evidence are not presumed to be true on a motion to dismiss (*see Peter F. Gaito Architecture, LLC v Simone Dev. Corp.*, 46 AD3d 530 [2007]). Here, the employment agreement did not lack a definite term, but rather provided for an

initial one-year period of employment to be followed by successive one-year periods of further employment. Rivera, J.P., Ritter, Miller and Dillon, JJ., concur.