06-3344-cv
Pachter v. Bernard Hodes Group

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

_____

August Term, 2006

(Argued: June 6, 2007                                Decided: September 5, 2008)

Docket No. 06-3344-cv

_____

ELAINE PACHTER,

*Plaintiff-Appellee,*

— v .—

BERNARD HODES GROUP, INC.,

*Defendant-Appellant.*

_____

Before:        WINTER, B. D. PARKER, *Circuit Judges,* OBERDORFER[*], *District Judge.*

_____

[*] The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Patterson, *J.*). We REVERSE.

_____

HOWARD J. RUBIN, (Raphael Lee, *on the brief*), Davis & Gilbert, New York, N.Y., *for Appellant Bernard Hodes Group, Inc.*

SALVATORE G. GANGEMI, Gangemi Law Firm, New York, N.Y., *for Appellee Elaine Pachter*.

_____

PER CURIAM:

Bernard Hodes Group, Inc. ("Hodes"), a recruitment, marketing and staffing services company, employed Elaine Pachter as an account representative with the title of Vice President, Management Supervisor from April 1992 to December 2003. Pachter's responsibilities included preparing, placing and servicing advertisements for clients. Pachter's compensation, which exceeded $100,000 in many years, took the form of commissions based on a percentage of monthly billings. Hodes advanced payment on behalf of the client for advertising to the various media companies with which it did business, subject to later reimbursement from the client. Hodes calculated Pachter's commissions based on billings to the client (for amounts previously advanced by Hodes) and on a service fee charged to clients by Hodes for Pachter's services. Hodes subjected Pachter's monthly commissions to a number of deductions including finance charges, a portion of the costs attributable

to her assistant, late fees, uncollectible advances and bad debts. Pachter received monthly commission statements detailing gross billings and applicable deductions and it is undisputed that she knew of, and acquiesced to, these deductions while employed at Hodes. It is also undisputed that, instead of being compensated under this commission formula, Patcher could have elected to be paid a fixed monthly amount but would have received substantially less and instead chose to receive commissions.

After leaving Hodes, Pachter sued in the United States District Court for the Southern District of New York (Patterson, *J.*), challenging the legality of the deductions under Article 6, section 193 of the New York Labor Law which proscribes most deductions from the"wages" of "employees." Hodes took the position that: (1) because Pachter was an "executive" she was not an "employee" and therefore was not covered by section 193 and (2) that the deductions were not from the commissions but were used to calculate the commissions in the first instance.

The district court, ruling on cross motions for summary judgment, determined that section 193 covered executives such as Pachter and that Hodes had made a number of deductions from Pachter's wages that were not permitted under the New York Labor Law. The court entered judgment in favor of Pachter and this appeal followed.

In *Pachter v. Bernard Hodes Group, Inc*., 505 F.3d 129 (2d Cir. 2007), we decided that the resolution of the appeal turned on undecided questions arising under Article 6, section 193 of the New York Labor Law. After surveying opinions by a number of federal district courts and New York state appellate courts, we determined that both the federal district courts in New York as well as the New York State appellate courts were split on the question of whether Section 193 covers executives.

3

*See id.* 132-33. We also noted that neither the New York Court of Appeals nor the state appellate courts had decided whether deductions of the type made by Hodes were permitted by Sections 191 and 193. *Id.* at 135.

Because both these key issues involved unsettled and significant aspects of state law, we certified two questions to the New York Court of Appeals: (1) Whether an "executive" is considered an "employee" for purposes of New York Labor Law Article 6, section 193, and thereby subject to the protections of that provision; and (2) In the absence of a governing written agreement, when are commissions "earned" and therefore considered "wages" under sections 191 and 193, thereby rendering most subsequent deductions unlawful? *See Id*. at 131-32, 135.

The New York Court of Appeals responded in *Pachter v. Bernard Hodes Group, Inc*., 10 N.Y.3d 609 (N.Y. 2008). After noting the "split of authority in state and federal courts on the issue of whether executives are covered by article 6 of the Labor Law," the Court of Appeals answered the first question in the affirmative, holding "that executives are employees for purposes of Labor Law article 6, except where expressly excluded." *Id*. at 615-16. In response to our second question, the New York Court of Appeals held that "in the absence of a governing written instrument, when a commission is 'earned' and becomes a 'wage' for purposes of Labor Law article 6 is regulated by the parties' express or implied agreement; or, if no agreement exists, by the default common-law rule that ties the earning of a commission to the employee's production of a ready, willing and able purchaser of the services." *Id*. at 618. The Court of Appeals concluded that "neither section 193 nor any other provision of article 6 of the Labor Law prevented the parties in this case from structuring the compensation formula so that Pachter's commission would be deemed earned only after specific

4

deductions were taken from her percentage of gross billings." *Id*.

These answers by the New York Court of Appeals resolve this appeal. Since New York Labor Law Article 6, section 193 includes executives unless otherwise excluded, Pachter is covered. *See id*. at 616. Pachter's cause of action must fail, however, because it is undisputed that Pachter knowingly acquiesced over a period of years to the approach used by Hodes when calculating her commissions, conduct that constituted, at the very least, an implied agreement between the parties. As this implied agreement does not violate "section 193 nor any other provision of article 6 of the Labor Law," the deductions in question did not violate that provision. *See id.* at 618.

## CONCLUSION

The judgment of the District Court is reversed. The case is remanded to the District Court with instructions to dismiss the complaint.

5