Miroslaw **GORTAT**, Henryk **Bienkowski**, **Grzegorz Drelich**, **Miroslaw Filipkowski**, **Artur Lapinski**, and **Jan Swaltek**, on behalf of themselves and on behalf of all others similarly situated, Plaintiffs,

v.

**CAPALA BROTHERS, INC.**, Pawel **Capala**, and Robert **Capala**, Defendants.

No. 07 CV 3629(ILG).

United States District Court, E.D. New York.

Nov. 12, 2008.

Robert Wisniewski, Esq., Robert Wisniewski & Associates P.C., New York, NY, for Plaintiffs.

Felipe E. Orner, Esq., Flushing, NY, for Defendants.

## MEMORANDUM AND ORDER

GLASSER, Senior District Judge.

### PROCEDURAL HISTORY

Plaintiffs Miroslaw Gortat, Henryk Bienkowski, Grzegorz Drelich, Miroslaw Filipkowski, Artur Lapinski, and Jan Swaltek, on behalf of themselves and others similarly situated, filed the present action on August 29, 2007 under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, the Portal–to–Portal Act, 29 U.S.C. 254(a)(1–2), the New York Minimum Wage Act, New York Labor Law, and New York common law alleging inadequate compensation for the hours they worked for the defendant corporation Capala Brothers Inc. ("Capala Bros."), a construction services company. Complaint ¶¶ 1–2. Capala Bros. and individual defendants Pawel Capala and Robert Capala, the owners and officers of Capala Bros. (collectively "the defendants"), filed counterclaims against the six named plaintiffs alleging conversion, negligence, tortious interference with contract, and breach of fiduciary duty. The plaintiffs replied to the first counterclaim for conversion and now move to dismiss the three remaining counterclaims for failure to state a claim under Fed.R.Civ.P. 12(b)(6) or, alternatively, for a judgment on the pleadings under Fed.R.Civ.P. 12(c). While this motion was pending, the defendants withdrew all counterclaims against plaintiff Drelich.

### CLAIMS

The defendants' counterclaim for negligence alleges, first, that in December 2006, plaintiffs Bienkowski, Gortat, Swaltek, and Lapinski, were assigned to replace the roof of the building located at 250 East 63rd Street, New York, New York. They failed to secure the partially repaired roof from inclement weather, resulting in substantial rain damage and a loss of $40,000 to Capala Bros. Answer with Counterclaims ¶¶ 43–45. Second, the defendants allege that Bienkowski, Gortat, and Lapinski negligently failed to secure electrical motors at the same work site. The motors suffered rain damage, and Capala Bros. spent $3,500 to repair them. *Id.* ¶ 46. Third, the defendants allege that in March of 2007, Gortat and Lapinski negligently allowed the concrete in a Capala Bros.' concrete mixer to harden, resulting in the destruction of the mixer valued at $600. *Id.* ¶ 47. Fourth, defendants allege that in March of 2007, plaintiffs Lapinski and Swaltek negligently failed to secure or return two electric hammers and a "driller," having a combined approximate value of $1,300, that belonged to Capala Bros. *Id.* ¶ 48.

The counterclaim for tortious interference with contract alleges that plaintiffs

Filipkowski, Lapinski, and Swaltek "interfer[ed] with the employment contracts of present employees of the corporate defendant and have sought to cause additional damages to the corporate defendant." *Id.* ¶¶ 51–54. The defendants aver that the plaintiffs "caused lower moral [sic], dissent and lower productivity," resulting in damage to Capala Bros. in excess of $100,000. *Id.* ¶ 55. The defendants also allege that Filipkowski, after quitting his job with Capala Bros., interfered with the employment contracts of the other four plaintiffs, causing $300,000 in damages. *Id.* ¶¶ 57, 59, 64.[1]

The defendants' fourth counterclaim alleges that the plaintiffs breached their fiduciary duty by failing to provide "adequate and timely notice" before quitting the company as required by their employment contracts. As a result, Capala Bros. was unable to fulfill its construction contracts and suffered a loss of $400,000. *Id.* ¶¶ 56, 65.

## DISCUSSION

### 1. Standard of Review

The present motion tests the legal sufficiency of the defendants' counterclaims. *Fresh Meadow Food Services, LLC v. RB 175 Corp.*, 282 Fed.Appx. 94, 97 (2d Cir. 2008). A counterclaim must contain only "a short and plain statement of the claim showing the pleader is entitled to relief." *R.S. ex rel. S. v. Ridgefield Bd. of Educ.*, 534 F.Supp.2d 284, 287 (D.Conn.2008) (quoting Fed.R.Civ.P. 8(a)). The statement need only give the opposing party fair notice of the claim and the grounds upon which it rests. *Lee v. Sony BMG Music Entm't, Inc.*, 557 F.Supp.2d 418, 424 (S.D.N.Y.2008) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). Consideration

is limited to the factual allegations in the Answer, the Counterclaims, and those documents attached as exhibits or incorporated by reference. *See Faconti v. Potter,* 242 Fed.Appx. 775, 777 (2d Cir.2007) (quoting *Brass v. Am. Film Tech., Inc.,* 987 F.2d 142, 150 (2d Cir.1993)). Those facts are accepted as true, and reasonable inferences are drawn in favor of the non-movant. *Quanta Specialty Lines Ins. Co. v. Investors Capital Corp.,* No. 06 Civ. 4624(PKL), 2008 WL 1910503, at *3 (2d Cir. April 30, 2008); *Faconti,* 242 Fed. Appx. at 777. The standard applied to a motion to dismiss under Rule 12(b)(6) is the same as applied to a judgment on the pleadings under Rule 12(c). *Id.*

### 2. Counterclaim for negligence

New York Labor Law § 193 (McKinney 2008) prohibits employers from making any deduction from employee wages except as required by law or regulation or as authorized by the employee for his or her benefit. *Hudacs v. Frito–Lay, Inc.,* 90 N.Y.2d 342, 346–47, 660 N.Y.S.2d 700, 683 N.E.2d 322 (1997); *see also In re Claim of La France,* 173 A.D.2d 989, 569 N.Y.S.2d 505, 506–07 (1991) (holding that a contract provision allowing for wage deductions for employee negligence was in violation of Section 193). Section 193 likewise prohibits claims against former employees for allegedly negligent acts or for lost profits caused by poor performance. *Burke v. Steinmann,* No. 03 Civ. 1390(GEL), 2004 WL 1117891, at *6 (S.D.N.Y. May 18, 2004); *see also Rivers v. Butterhill Realty,* 145 A.D.2d 709, 710–11, 534 N.Y.S.2d 834 (N.Y.App.Div.1988) (finding that if plaintiff was an employee rather than an independent contractor, Section 193 would proscribe employer's counterclaim for damages stemming from plaintiff's inadequate job performance). While negligence claims are not obvious

---

**1.** The defendants allege these facts in the fourth counterclaim.

examples of attempted wage deduction, they are treated as such to prevent employers from circumventing the protection of employee wages that Section 193 provides. *Cohen v. Stephen Wise Free Synagogue,* No. 95 Civ. 1659(PKL), 1996 WL 159096, at *4 (S.D.N.Y. April 4, 1996); *accord Pachter v. Bernard Hodes Group, Inc.,* No. 03 Civ. 10329(RPP), 2005 WL 2063838, at *7 (S.D.N.Y. Aug. 25, 2005) (stating that defendant employer is not permitted to do indirectly what it cannot do directly), *rev'd on other grounds,* 541 F.3d 461 (2d Cir.2008). An employer's sole remedy under New York law for an employee's poor performance is termination. *Steinmann,* 2004 WL 1117891 at *7; *Guepet v. Int'l TAO Sys., Inc.,* 110 Misc.2d 940, 443 N.Y.S.2d 321 (1981). The defendants' counterclaim for negligence therefore is legally insufficient and must be dismissed.

### 3. Counterclaim for tortious interference with contract

It is a "long-settled rule that where an employment is for an indefinite term it is presumed to be a hiring at will...." *Murphy v. American Home Products Corp.,* 58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86, 89 (1983). Here, neither the Answer nor the Counterclaims allege that any of the relevant employment contracts specified definite periods of service, thus the plaintiffs and other relevant employees are presumed to be employees at will. "[A]n agreement terminable at will is a prospective contractual relationship." *Smith v. Meridian Tech., Inc.,* 52 A.D.3d 685, 861 N.Y.S.2d 687 (2008). Whereas deliberately interfering with an existing, enforceable contract may entitle an injured party to receive damages even if the interfering party's conduct was lawful, a claim for interference with a prospective contractual relationship requires the injured party to prove that the interfering party's conduct was culpable. *Carvel Corp. v. Noonan,* 3 N.Y.3d 182, 785 N.Y.S.2d 359, 818 N.E.2d 1100, 1103 (2004) (citing *NBT Bancorp, Inc. v. Fleet/Norstar Fin. Group, Inc.,* 87 N.Y.2d 614, 641 N.Y.S.2d 581, 664 N.E.2d 492, 496 (1996)).

Therefore, to state a cause of action for tortious interference, the defendants must allege that the plaintiffs' interference was culpable. *See Meridian Tech., Inc.,* 861 N.Y.S.2d at 687. Culpable conduct includes "physical violence, fraud or misrepresentation, civil suits or criminal prosecutions, and some degrees of economic pressure," but it does not include mere persuasion. *Carvel,* 785 N.Y.S.2d 359, 818 N.E.2d at 1104 (citation omitted). The defendants in this case aver, first, that Filipkowski interfered with Capala Bros.' employment of the other at-will plaintiffs and, second, that Filipkowski, Lapinski, and Swaltek interfered with Capala Bros.' employment of other at-will employees. The defendants, however, fail to allege that any of the plaintiffs engaged in wrongful conduct. The dismissal of the counterclaim for interference is therefore warranted.

### 4. Counterclaim for breach of fiduciary duty

A claim for breach of fiduciary duty must allege both the existence of a duty based on a relationship of trust and confidence and breach of that duty. *Fagan v. First Sec. Invs., Inc.,* No. 04 Civ. 1021(LTS), 2006 WL 2671044, at *4 (S.D.N.Y. Sept. 15, 2006). An employee's fiduciary duty to his employer prohibits him from "acting in any manner inconsistent with his agency or trust," and he is "at all times bound to exercise the utmost good faith and loyalty in the performance of his duties." *Lamdin v. Broadway Surface Adver. Corp.,* 272 N.Y. 133, 138, 5 N.E.2d 66 (1936); *see also Slue v. New York Univ. Med. Ctr.,* 409 F.Supp.2d 349, 373–74 (S.D.N.Y.2006) (an employee owes

a duty of good faith and loyalty to an employer in the performance of the employee's duties) (citation omitted).

 The breach of fiduciary duty claimed here is bottomed solely on the allegations that the plaintiffs breached their employment contracts by failing to give advance notice before terminating their employment. While conduct that constitutes a breach of contractual obligations may also constitute a breach of a fiduciary duty arising out of that contract, *see Mandelblatt v. Devon Stores, Inc.*, 132 A.D.2d 162, 167–68, 521 N.Y.S.2d 672 (1987), the gravamen of fiduciary duty is "undivided and undiluted loyalty," *Birnbaum v. Birnbaum*, 73 N.Y.2d 461, 541 N.Y.S.2d 746, 539 N.E.2d 574, 576 (1989), barring self-dealing, use of confidential information, and other conflicts of interest. *See, e.g., CBS Corp. v. Dumsday*, 268 A.D.2d 350, 353, 702 N.Y.S.2d 248 (N.Y.App.Div.2000) (employees planned and formed a corporation to compete with their employer using confidential information belonging to the employer); *Bender Ins. Agency, Inc. v. Treiber Ins. Agency, Inc.*, 283 A.D.2d 448, 449, 729 N.Y.S.2d 142 (N.Y.App.Div.2001) (employee used employer's office equipment and facilities to solicit customers for himself). The defendants do not allege any acts of disloyalty on the part of the plaintiffs that would support a claim for a breach of fiduciary duty. The alleged breach of contract, taken alone, is insufficient to maintain such a claim. The counterclaim must therefore be dismissed.

### 5. Leave to amend

 Leave to amend shall be freely given when justice so requires. Fed. R.Civ.P. 15(a). A party that has failed to state a claim should generally be afforded an opportunity to amend its complaint or counterclaim, but leave to amend need not be granted if an amended complaint or counterclaim would also fail to state a claim. *Pharr v. Evergreen Garden, Inc.*, 123 Fed.Appx. 420, 425 (2d Cir.2005); *see also Oneida Indian Nation of New York v. City of Sherrill*, 337 F.3d 139, 168 (2d Cir.2003) ("leave to amend ... shall be freely granted when justice so requires ... [but] amendment is not warranted in the case of ... 'futility.' "), *rev'd on other grounds*, 544 U.S. 197, 125 S.Ct. 1478, 161 L.Ed.2d 386 (2005). Because the defendants could allege additional facts that would support their counterclaim for tortious interference, the defendants are granted 30 days leave to amend that counterclaim. Leave to amend the second and fourth counterclaims would prove futile, for an employer cannot sue an employee for negligence, and an at-will employee does not breach his fiduciary duty to his employer by quitting his job.

### CONCLUSION

For the aforementioned reasons, the plaintiffs' motion is GRANTED, and the defendants have 30 days leave to amend the third counterclaim for tortious interference.