■ SOLOMON M. LOWENBRAUN, Appellant, v CHRISTOPHER B. GARVEY et al., Respondents. [876 NYS2d 441]—

In an action to recover damages for tortious interference with contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated June 26, 2007, as granted that branch of the motion of the defendant Christopher B. Garvey pursuant to CPLR 3212 which was for summary judgment dismissing the complaint insofar as asserted against him and granted that branch of the motion of the defendant Ira J. Raab pursuant to CPLR 3211 (a) (7) which was to dismiss the complaint insofar as asserted against him for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an attorney, alleged that he was damaged when the defendants tortiously interfered with a retainer agreement he had with a client. The defendant Christopher B. Garvey moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. The defendant Ira J. Raab moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him for failure to state a cause of action.

An attorney's retainer agreement is a contract that is terminable at will (*see Baron Assoc., P.C. v RSKCO,* 16 AD3d 362 [2005]; *Koeppel v Schroder,* 122 AD2d 780 [1986]). In order to sustain a cause of action based on tortious interference with a contract terminable at will, there must be a showing of wrongful conduct, which includes, inter alia, fraudulent representations, threats, or a violation of a duty of fidelity owed to the plaintiff by reason of a confidential relationship between the parties (*see Out of Box Promotions, LLC v Koschitzki,* 55 AD3d 575 [2008]; *Baron Assoc., P.C. v RSKCO,* 16 AD3d 362 [2005]; *Koeppel v Schroder,* 122 AD2d 780 [1986]).

Here, accepting the facts alleged in the complaint as true, and affording the plaintiff the benefit of every possible favorable inference to be drawn therefrom, the complaint fails to allege that Raab engaged in such wrongful conduct (*see Baron Assoc., P.C. v RSKCO,* 16 AD3d 362 [2005]; *Koeppel v Schroder,* 122 AD2d 780 [1986]). Thus, the complaint was properly dismissed insofar as asserted against Raab.

Similarly, Garvey demonstrated, prima facie, that he did not engage in such wrongful conduct. In opposition, the plaintiff failed to raise a triable issue of fact. Thus, Garvey was properly granted summary judgment dismissing the complaint insofar as asserted against him (*see Baron Assoc., P.C. v RSKCO,* 16 AD3d 362 [2005]).

The plaintiff's remaining contentions are either without merit or not properly before this Court because they concern determinations made in his favor. Rivera, J.P., Ritter, Miller and Belen, JJ., concur.