American Recycling & Mfg. Co., Inc. v Kemp (2018 NY Slip Op 06649)





American Recycling & Mfg. Co., Inc. v Kemp


2018 NY Slip Op 06649


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


961 CA 17-01988

[*1]AMERICAN RECYCLING & MANUFACTURING CO., INC., A NEW YORK CORPORATION, AMERICAN RECYCLING & MANUFACTURING CO., INC., A TENNESSEE CORPORATION, AND AMERICAN RECYCLING & MANUFACTURING CO. OF INDIANA, PLAINTIFFS-APPELLANTS,
v
SHARON KEMP, EXXON MOBIL CORPORATION, DOING BUSINESS AS EXXONMOBIL CHEMICAL COMPANY, AND EXXONMOBIL GLOBAL SERVICES COMPANY, DEFENDANTS-RESPONDENTS. 






KNAUF SHAW LLP, ROCHESTER (AMY K. KENDALL OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
BROWN HUTCHINSON LLP, ROCHESTER (T. ANDREW BROWN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), dated December 19, 2016. The order and judgment, among other things, granted defendants' motion for summary judgment and denied plaintiffs' cross motion for partial summary judgment and spoliation sanctions. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: American Recycling & Manufacturing Co., Inc., a New York Corporation (plaintiff) and two related corporations commenced this action seeking damages for, inter alia, breach of a confidentiality agreement arising from a prior business relationship with defendants. Defendants moved for summary judgment dismissing the complaint. Plaintiffs cross-moved for an order imposing sanctions on defendants for the alleged spoliation of evidence and for partial summary judgment on liability with respect to their first cause of action. Supreme Court, inter alia, granted defendants' motion, denied plaintiffs' cross motion, and dismissed the complaint. We affirm.
We reject plaintiffs' contention that the court abused its discretion in declining to impose sanctions on defendants. As the moving party, plaintiffs had the burden of establishing "that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind,' and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense' " (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [2015]). We conclude that defendants' obligation to preserve electronically-stored information arose in June 2013, when they received a letter from plaintiffs' attorney, which, for the first time, put defendants "on notice that the evidence might be needed for future litigation" (Mahiques v County of Niagara, 137 AD3d 1649, 1650-1651 [4th Dept 2016] [internal quotation marks omitted]; see Bill's Feed Serv., LLC v Adams, 132 AD3d 1400, 1401 [4th Dept 2015]). Although plaintiffs submitted evidence that defendants destroyed emails that were sent between April 2011 and August 2011, plaintiffs failed to establish that those emails, or any other documents, were destroyed after the obligation to preserve arose.
We also reject plaintiffs' contention that the court erred in granting defendants' motion [*2]for summary judgment dismissing the complaint. With respect to the first cause of action, for breach of a confidentiality agreement, and the third and sixth causes of action, for misappropriation of confidential information or trade secrets, defendants established their entitlement to judgment as a matter of law by submitting a copy of the confidentiality agreement between plaintiff and defendant Sharon Kemp (Kemp agreement), as well as Kemp's deposition testimony (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The Kemp agreement prohibited Kemp from divulging confidential information, including trade secrets, to a third party, and Kemp testified that she did not divulge any confidential information. In opposition, plaintiffs failed to raise an issue of fact (see generally id.). We note that, for the same reasons, the court properly denied that part of plaintiffs' cross motion seeking partial summary judgment on liability with respect to the first cause of action.
With respect to that part of the second cause of action alleging tortious interference with business relations, defendants established their entitlement to judgment as a matter of law by submitting the deposition testimony of two of plaintiffs' shareholders. To establish that cause of action, plaintiffs were required to demonstrate, inter alia, that defendants " acted with the sole purpose of harming the plaintiff[s] or by using unlawful means' " (Zetes v Stephens, 108 AD3d 1014, 1020 [4th Dept 2013]; see Amaranth LLC v J.P. Morgan Chase & Co., 71 AD3d 40, 47 [1st Dept 2009], lv dismissed in part and denied in part 14 NY3d 736 [2010]). In the complaint, plaintiffs alleged that Kemp interfered with plaintiffs' business relationships with third parties by making defamatory statements that plaintiffs were not making rebate payments as promised. Those statements were not defamatory because, as the testimony of the shareholders established, the statements were substantially true (see Cooper v Hodge, 28 AD3d 1149, 1150 [4th Dept 2006]; Smith v United Church Ministry, Inc., 212 AD2d 1038, 1039 [4th Dept 1995], lv denied 85 NY2d 806 [1995]). Plaintiffs failed to raise an issue of fact in opposition (see generally Zuckerman, 49 NY2d at 562).
With respect to that part of the second cause of action alleging tortious interference with contract, defendants established their entitlement to judgment as a matter of law by submitting the two contracts at issue and certain deposition testimony. The first contract, which was between plaintiff and a third-party contractor, was terminable at will, and thus it cannot give rise to a cause of action for tortious interference with contract (see Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 191-192 [1980]; Snyder v Sony Music Entertainment, Inc., 252 AD2d 294, 299 [1st Dept 1999]; cf. Lowenbraun v Garvey, 60 AD3d 916, 917 [2d Dept 2009]). The second contract is a confidentiality agreement between plaintiff and a self-described "representative" of the third-party contractor, who had performed work for plaintiffs. The representative testified, however, that he stopped performing work for plaintiffs because of disagreements over the manner in which plaintiffs conducted their business, not because of any conduct by Kemp. In opposition, plaintiffs failed to raise an issue of fact with respect to Kemp's alleged "intentional procurement" of the representative's breach (Lama Holding Co. v Smith Barney Inc., 88 NY2d 413, 424 [1996]; see generally Zuckerman, 49 NY2d at 562). For the same reasons, we also conclude that defendants are entitled to summary judgment dismissing the fourth and fifth causes of action, for procurement of breach of contract in violation of Tennessee Code § 47-50-109.
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court